### IN THE MATTER OF THE CONVICTION AND JUDGMENT AGAINST HERBERT BAER FOR CONTEMPT OF COURT.

Submitted October term, 1934—Decided February 5, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the petitioner-appellant, *Milton M. Unger.*

For the prosecution, *William A. Wachenfeld,* prosecutor of the pleas of Essex county (*Felix Forlenza,* assistant prosecutor of the pleas.

BROGAN, CHIEF JUSTICE. Herbert Baer, a deputy tax collector in the office of the director of finance of the city of Newark, New Jersey, was summarily convicted of a contempt

of the Essex County Court of Quarter Sessions on May 25th, 1934. The particular offense of which he stands convicted is failure to respond to a subpœna to testify. He was brought before the court on a rule to show cause, allowed upon the petition of Frank B. Bozza, an attorney-at-law of New Jersey, who was defendant's counsel in the case of State *v.* Washkewich, out of which the present matter arose. The unverified petition upon which the rule was allowed recites that on May 22d, 1934, at four o'clock in the afternoon, said Frank B. Bozza served upon the said Baer, personally, a subpœna commanding his presence in the Quarter Sessions Court of Essex county as a defense witness, on May 23d, at ten o'clock in the morning, paid him the requisite fee, and that Baer did not appear.

On the morning of May 25th, Baer, having learned that a bench warrant had been, on the previous day, issued for his arrest for his failure to respond to the subpœna, surrendered himself at the court house, was almost immediately placed on trial, convicted, and a thirty-day jail sentence imposed upon him.

Before the trial court, in support of the rule, Bozza testified that he personally served the subpœna and paid the intended witness a fifty-cent fee; that it was an original and not a subpœna "ticket" for the appearance of Baer for Wednesday morning, May 23d. The case of State *v.* Washkewich was not finished on that day but went over until Thursday. Another witness, Giebas, said that he endeavored to find Baer on Wednesday evening, pursuing his quest until after midnight, but without success, his object being to notify Baer to be sure to attend the said trial on the ensuing day.

Baer, in his own defense, admits that he called at Mr. Bozza's office, in response to a telephone request, but denies that he was served with a subpœna, his contention being that the attorney merely requested him to appear in the morning as a witness and that he promised to attend. The court thereupon said that the issue was one of veracity between the attorney and Baer and that he chose to believe the former. Baer was adjudged guilty of contempt and sentenced as stated.

Baer petitioned the Supreme Court for a review of the law and the facts under the statute (*Comp. Stat., p.* 1736, §§ 138, 139), whereupon an order was signed directing the Quarter Sessions Court of Essex county to certify and send the conviction and judgment and all proceedings touching the same to the Supreme Court, leave being given the petitioner to take depositions, all of which was done. The deposition of Baer presents substantially the same evidence that he gave at the inquiry before the trial court except that it is more detailed. He says that the attorney, Bozza, told him, when he was in his office, that he was going to use him (Baer) as a "surprise" witness and cautioned him against letting the prosecutor's office know about it but Baer says he went, none the less, to the prosecutor's office in an endeavor to see one of the prosecutor's detectives, Mr. Sklarey. He didn't succeed in finding Sklarey at the office but did succeed in talking to him on the telephone that night and was told by him to call at the prosecutor's office Wednesday morning at nine o'clock, which he did, and the matter was discussed. He there asked Sklarey's advice as to whether or not he had to appear as requested and was told that he was under no obligation to appear, if he had not been subpœnaed, as he said he had not been. He further says that the night before he talked with Sklarey he attended a board meeting of an association of which he was a member and discussed this matter with a fellow-member of the board, Simon S. Gittleman, his brother-in-law, who is a member of the bar of this state. Mr. Gittleman advised him that if he hadn't been subpœnaed he was not required to appear.

Sklarey, the prosecutor's detective, in his deposition, corroborates Baer, saying that he talked to him on May 23d; that Baer related to him what Bozza, the attorney, had said, and that he advised Baer that if Bozza had not served him with a subpœna he need not attend court. He further says that Baer told him that Bozza hadn't served him with a subpœna. Finally, Mr. Gittleman, the attorney, corroborates Baer, asserting in his deposition that Baer told him that Bozza merely requested his appearance as a witness the following day; that Baer asked him whether it was neecssary

to appear; that he told Baer that since a subpœna had not been served upon him he would not have to appear.

It is our duty to review the law and the facts in this case, in obedience to the mandate of the statute (*supra*). This is in the category of a criminal contempt proceeding since its sole purpose is to vindicate the dignity and preserve the integrity of the court. *Thompson* v. *Pennsylvania Railroad,* 48 *N. J. Eq.* 105, 108; 21 *Atl. Rep.* 182; *Dodd* v. *Una,* 40 *N. J. Eq.* 672, 714; 5 *Atl. Rep.* 155. The proceeding is one of the strictest right, and must be governed by the legal rules that obtain in the trial of criminal causes, *i. e.,* the defendant is presumed to be innocent of the charge, the moving party has the burden of proof, and the guilt of the accused must be proved beyond a reasonable doubt. *Staley* v. *South Jersey Realty Co.,* 83 *N. J. Eq.* 300; 90 *Atl. Rep.* 1042. On the question of the practice in these matters see *Attorney-General, ex rel. Hudson County Quarter Sessions* v. *Verdon,* 90 *N. J. L.* 494; 102 *Atl. Rep.* 66.

In the case before us, it is our judgment that the guilt of the defendant has not been established beyond a reasonable doubt. His testimony at the hearing *de novo* in no material element departs from that which he offered before the trial court. It is amply corroborated by the testimony of other credible witnesses, which support was not supplied before the trial court, clearly because he had not requested additional time to furnish it. Had he asked for a postponement to obtain such evidence, doubtless the trial court would have granted the request and the judgment below would probably have been as we, on the facts, determine it. We cannot say where the truth lies but we do determine that Baer's guilt of the contempt charged has not been proved beyond a reasonable doubt.

The judgment is reversed.