72 So.2d 792 (1954)
LEE et al.
v.
BAUER.
Supreme Court of Florida. En Banc.
May 21, 1954.
William J. Pruitt, Miami, for petitioner.
Wicker, Brown & Smith, Miami, for respondent.
TERRELL, Justice.
Petitioner brought an action against respondent to recover damages for personal injuries resulting from an automobile accident. Issue was joined, the case was set for trial and the Court called a pretrial conference, his order therefor containing the following notice:
"That the purpose of the conference may be accomplished it is requested that each party be represented by the attorney who expects to conduct the trial of the case and that such attorney be vested with full authority to make disclosures of facts, * * *."
In compliance with said order, petitioner, the attorney of record for the plaintiff, being unable to appear in person, sent an attorney from his office to represent him at the pretrial conference. Because of failure of the attorney of record to attend the court entered an "order imposing sanctions for failure to attend pretrial conference," the pertinent part of which is as follows:
*793 "For the reasons stated Mr. Pruitt is required to pay, within three days after the entry of this order, to the clerk of this court, a fine of $25 which, when paid, shall be deposited by the clerk in the fine and forfeiture fund of Dade County, Florida; and such attorney is further required to pay, within three days after the entry of this order, to the clerk of this court, for the use and benefit of the mentioned reporter, an attendance fee of $10.
"Should the penalties imposed by this order not be paid within the time prescribed, this action will be dismissed at the cost of the plaintiff Louis M. Lee.
"Ordered in chambers (on the Court's own initiative)
 "January 26, 1954 by
 "Vincent C. Giblin
 Circuit Judge"
In obedience to said order petitioner filed his response attached to which was the sum of $35, which was paid under protest in order that the case be not dismissed and to avoid the necessity of posting a supersedeas bond on condition of appeal to the Supreme Court. Prior to the date set for trial the matter was settled by the parties and the cause was dismissed. The petitioner being of the opinion that he should have been given an opportunity to defend himself against the court's order under rule to show cause before imposition of said fine brought this appeal by certiorari to review the order of the trial court.
The point for determination is whether or not a trial court may adjudge counsel in contempt and impose a fine on him for failure to abide the court's order for pretrial conference, without affording him an opportunity to defend himself under rule to show cause.
Petitioner contends that on account of the press of other matters it was not possible for him to attend the pretrial conference at the time designated by the court but that he sent a competent attorney to represent him and that if the court was interested further in knowing his reasons for not attending the conference he should have served him with a rule to show cause for failure to attend. He relies on State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509, to support this contention.
In the last cited case it appears that counsel was charged with making contemptuous remarks about the court before whom he was brought by citation. In the present case counsel failed or refused to obey an order of the court to attend a pretrial conference. The pretrial conference is a means to expediting litigation, it has proven very beneficial when skillfully used and it is as much the duty of counsel to attend such conferences as it is the court to set and hold them. In fact, this cannot be done absent the cooperation of counsel. Counsel should have asked for or secured an agreement with the court for another date to hold the conference or if he sends counsel to represent him he should send one with full power to represent him and act in his stead in all matters arising at the conference.
A majority of the court are of the view that counsel should have been brought before the court under rule to show cause and given an opportunity to explain his failure to appear at the pretrial conference before adjudging him in contempt. It is not such a case as warrants summary discipline and punishment, absent a charge or rule to show cause. State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509; State of Washington v. Winthrop, 148 Wash. 526, 269 P. 793, 59 A.L.R. 1265, Annotations 1272.
The writ of certiorari is granted and judgment is accordingly reversed with directions to proceed accordingly.
It is so ordered.
ROBERTS, C.J., and THOMAS, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.