HOBSON, Judge.
The appellants have appealed from a judgment of contempt entered by the Circuit Court for Hernando County imposing against each of them a sentence of five years confinement in the State Prison at Raiford.
The undisputed facts as disclosed by the record-on-appeal are as follows: The appellants were confined in the Hernando County Jail awaiting trial on certain criminal offenses. On the day their cases were set for trial the State’s Attorney in open court informed the judge that the ap *491 pellants refused to leave their jail cell and come to court for trial. This first refusal was directed to the Sheriff of Hernando County when upon instructions by the State’s Attorney he went to the cell and requested the appellants to come voluntarily to the courtroom so that their trial could commence.
Upon receiving this information the court ordered the State’s Attorney, the Public Defender and the Official Court Reporter to accompany the Sheriff to the county jail and for the State Attorney to advise each of the defendants that their presence was required in court. The court further instructed the State Attorney to advise the appellants that if they refused to' come to court as directed they may thereby expose themselves to contempt proceedings.
In accordance with the court’s order the State Attorney requested each appellant to voluntarily come out of their cell to come to court for trial. Whereupon each appellant in profane language refused to come out of his cell.
The State Attorney reported these actions to the court and upon motion by the state the court ordered the Sheriff to use sufficient force which was reasonable and necessary to bring the appellants physically before the court.
With the use of nausea gas the appellants were brought before the court and advised that they were before the court to show cause, if any they could, why they should not be adjudged in contempt. After examination of each appellant by the court, the court held both in contempt of court and sentenced them to confinement in the State Prison for a term of five years.
Subsequently the court on its own motion granted the appellants a new trial and appointed counsel to represent them. At the conclusion of the new trial on the charge of criminal contempt the appellants were again found guilty of criminal contempt of court and sentenced to serve five years in the State Prison at Raiford.
Appellants contend in this appeal that they were justified in refusing to leave their cell under court order to appear for trial for the following reasons:
1. That the Public Defender was not prepared to present their defense in view of the fact that he had conferred with them only on one occasion for a period of approximately 10 to IS minutes; that he had not interviewed either the state’s witnesses nor the witnesses for the appellants.
2. The court had refused to issue a court order directing Floyd Holzapel and Dennis Whitney, who were both confined to Death Row at Raiford, to be made available to the appellants as witnesses in their behalf.
The contentions of the appellants might •well be grounds for a continuance of their trial or the basis for other legal motions but they certainly do not justify their actions in completely refusing to obey an order of the court.
• Under the law there are two categories of contempt — criminal and civil:
“Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties.” 12 Am.Jur., Contempt, § 6.
It is clear from the record-on-appeal that the appellants were guilty of criminal contempt which is punitive in nature but not in itself a crime. See Ballengee v. State, Fla.App. 1962, 144 So.2d 68.
The last point on appeal urged by the appellants is that the sentence of five years in the State Prison is a cruel and unusual punishment prohibited by the Bill of Rights.
*492 It was conclusively held m the Bal-lengee case, supra, that terms of imprisonment for contempts should be served in the county jail of the county in which the particular court involved is located. The ap-pellee has made this concession in its brief.
In State ex rel. Saunders v. Boyer, Fla.App.1964, 166 So.2d 694, at 696, it was held:
“Courts of this state have frequently noted that the severity of the sentence should be balanced with the gravity of the offense; that the broad and inherent power to punish for contempt should be cautiously and sparingly exercised; and that the sentence should not be so excessive as to derogate judicial dignity. See e. g. State v. Clemmons, Fla.1963, 150 So.2d 231, 234; Ballengee v. State, Fla.App. 1962, 144 So.2d 68, 72, 73; Neering v. State, Fla.App.1962, 141 So.2d 615, 617; Geary v. State, Fla.App.1962, 139 So.2d 891, 892; Phillips v. State, Fla.App.1962, 147 So.2d 163, 164, 165.”
The state has cited no authority wherein a sentence of five years imprisonment for criminal contempt has been held to be justified under any circumstances.In fact, we seldom see sentences for criminal contempt in excess of six months imprisonment. We feel that the gravity of the offense in this instance did not justify the severity of the sentence. See special concurring opinion in Ballengee v. State, supra.
The actions of the appellants in the instant case were inexcusable and the profanity directed toward the State Attorney, who advised appellants that he was acting for the court, is one of the gravest offenses of criminal contempt with which we have been confronted.
The judgment of contempt is reversed as to the sentence imposed and the cause is remanded for the imposition of a new sen-fence not to exceed one year in the county jail.
Reversed and remanded with directions.
LILES, Acting C. J., and HODGES, JOHN G., Associate Judge, concur.