258 So.2d 272 (1972)
Dr. Jack D. ARON, Appellant,
v.
The Honorable Arthur HUTTOE, Judge, Circuit Court, in and for Dade County, Florida, Appellee.
No. 71-843.
District Court of Appeal of Florida, Third District.
February 15, 1972.
Rehearing Denied March 15, 1972.
White & Lieberman, Pozen, Pestcoe, Gold & Gold, Miami, for appellant.
Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for appellee.
Before SWANN, C.J., and PEARSON and BARKDULL, JJ.
SWANN, Chief Judge.
It appears that when Dr. Aron failed to respond to witness subpoenas served on him by plaintiff and defendant for his appearance with certain records at trial, the trial judge recessed the trial and issued a bench warrant for his arrest. Dr. Aron was then contacted by the Sheriff's office and thereafter appeared in court during the trial and without an attorney. A contempt *273 order was rendered. The pertinent parts are as follows:
"This cause came on to be heard before the undersigned Judge upon the Court's Order to have Dr. Jack D. Aron taken into custody and brought before this Court to show cause why he should not be held in contempt for failure to appear as a witness as required by law. The Court after examining the file and evidence presented finds that the said Dr. Jack D. Aron had been duly subpoenaed to appear and testify in the case of W.J. Webb, Plaintiff, and Sammy L. Cromer, et al., Defendants, and to bring with him records pertaining to the treatment of the Plaintiff, Willie Jones Webb: and the attorneys for the Defendants and Plaintiff stated that they both had subpoenaed the aforesaid Dr. Jack D. Aron, because the said doctor failed to appear and the Court was compelled to recess the case; whereupon, subsequent to the recess of the case the doctor appeared and failed to give good cause and satisfactory reason for his failure to obey the subpoenas issued and served upon him.
"It is the finding that the said Dr. Jack D. Aron is in contempt of this Court.
"IT IS ORDERED AND ADJUDGED that the said Dr. Jack D. Aron is sentenced to pay a fine of Three Hundred Dollars ($300.00) or serve thirty (30) days in the Dade County Jail.
"IT IS FURTHER ORDERED that the said Dr. Jack D. Aron shall have twenty-four (24) hours from this date in which to pay the fine or surrender himself to the Dade County Jail."
The sole point raised by the doctor in his appeal from that order is whether the summary order of contempt violated his right to due process of law, and deprived him of (1) his right to written notice of the alleged contemptuous conduct and (2) a fair opportunity to be heard in defense thereto.
The record shows that when Dr. Aron was questioned by the trial judge he admitted he had received the witness subpoenas and had not responded to their directives. After further questioning the contempt order was entered and the doctor was instructed to make his check payable to the Clerk of the Court.
Rule 1.410(e) R.C.P., 30 F.S.A., provides:
"Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued."
A plausible argument may be advanced for holding that the action of Dr. Aron in failing to respond was contempt under the rule and that the only procedure necessary is under the rule. Appellant rejoinder to that position is that no procedure is set forth in the rule.
We are of the view that such action may be characterized as "rule contempt" and the proper procedure was the summary procedure followed by the trial judge herein. We think the rule is specifically designed to encompass such actions as those committed in this case. Much time, effort and money are spent in bringing a case to trial and the trial judge should have, and does have, authority to proceed swiftly in dealing with those who arbitrarily and capriciously disregard his proper orders. We find no reversible error in his actions and rulings.
Assuming arguendo, that this contempt must be characterized as civil or criminal and as direct or indirect we believe that it was instituted by the court to punish for disobedience of a court order and was a criminal contempt. Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Thiede v. State, Fla. *274 App. 1966, 189 So.2d 490; In re S.L.T., Fla.App. 1965, 180 So.2d 374; Ballengee v. State, Fla.App. 1962, 144 So.2d 68; Ex parte Earman, 1923, 85 Fla. 297, 95 So. 755; and In re Baer, 1935, 176 A. 686, 13 N.J. Misc. 148. See also Contempt of Injunctions, Civil and Criminal, Columbia Law Review Volume 43, 1943.
Rule 1.830 Cr.P.R., 33 F.S.A., states:
"A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. * * *"
Here, the trial judge obviously saw that Dr. Aron was not present in court and heard from counsel that the witness subpoenas of plaintiff and defendant had been served upon him and that he had not complied with them by attending the trial and bringing his records. The contemptuous acts were committed in the actual presence of the court when the court saw that the doctor was not present at the trial with his records and saw and heard that he had been subpoenaed by each party. In response to the bench warrant the doctor came into court during the trial and offered an inadequate explanation for his absence on the morning of the trial. He admitted he had been to the court on another case earlier the same morning but stated he "got mixed up about this one" and went back to his office.
We believe the record establishes the trial court saw and heard a contempt committed in its actual presence and that this was a direct criminal contempt. Chavez-Rey v. Chavez-Rey, Fla.App. 1968, 213 So.2d 596.
A logical argument has been advanced by appellant that this contempt was not "committed in the actual presence of the court" and we have, therefore, decided to certify this opinion and decision to the Supreme Court of Florida as one passing upon a question of great public interest.
The contempt order herein appealed is
Affirmed.