FERRIS, JOHN G., Associate Judge.
Appellant, an attorney, was served with subpoena to appear on December 10, 1974, and give testimony at a deposition noticed for the discovery of facts which would bear on a material issue involved in the probate of decedent’s Will. Appellant failed to appear and, after notice and hearing, appellee’s motion to compel appellant to appear was granted by the trial court in an order dated January 3, 1975, and requiring appellant’s appearance on January 16, 1975. Appellant failed to appear on that date and on February 28, 1975, the trial court, again after notice and hearing, found appellant in contempt for failure to comply with the court’s order of January 3rd. Appellant’s Notice of Appeal is directed to the trial court’s order of February 28, 1975, and his assignments of error are directed to the failure to pay him a witness fee as contemplated by Sec. 90.15 F.S.A., which in turn, he claims, renders such order void. We affirm the trial court.
*682 We deem it unnecessary to discuss the compliance or noncompliance with Section 90.15 F.S.A. by the appellee since appellant complains of the order of the trial court of February 28th which adjudged him in contempt for the wilful failure to comply with the court’s order of January 3rd. It is obvious that appellant, if he felt aggrieved by the court’s order of January 3rd, should have attempted to obtain a rehearing or to seek an appellate review of that order. It is equally as obvious that appellant had no right to completely disregard that order, which inevitably and correctly led to the entry of the order of February 28th, the order complained of here.
This case is somewhat similar to the recent case of Sandstrom v. State, Fla.App., 309 So.2d 17 (which also involved an attorney’s disregard of a trial court’s order which he claimed was invalid) wherein Judge Downey of this court stated the applicable law:
“ Where the court has jurisdiction over the subject matter and the parties and has the authority or power to render the particular order or decree, the fact that such order or decree, violation or disobedience of which is made the basis of the contempt charge, is erroneous or irregular or improvidently rendered, does not justify the defendant in failing to abide by its terms, and his conduct in failing to do so may be punished as for contempt despite the error or irregularity. It is almost unanimously agreed that if the defendant desires to attack the order or decree as erroneous, he must do so, not by disregarding or violating it and then setting the error up as a defense to a charge of contempt, but by attacking the order on direct appeal or by motion to set it aside. He cannot attack it collaterally upon an appeal from the judgment of contempt or upon an application for habeas corpus to be released from imprisonment for contempt. He must obey the order so long as it is in effect and until it is dissolved by the court issuing it, or reversed on appeal by the appellate court.’ ” Anno: Contempt-Disobeying Invalid Decree, 12 A.L.R.2d 1059, 1107.
It is especially important that attorneys, as officers of the Court, obey this salutary rule and by their words and deeds encourage compliance by their clients. Continued conduct such as practiced by the appellant herein can greatly erode the respect we seek to engender in our court system and will foster ridicule and non-compliance of orders of the trial courts. This is not to say that trial courts have not from time to time entered erroneous orders but a well-defined course of action is available to all who complain of any such order. The appellant’s conduct does not fall within such well-defined course of action and was properly delineated as contempt.
The judgment is affirmed.
CROSS and MAGER, JJ., concur.