381 So.2d 757 (1980)
Lawrence M. LITUS, Appellant,
v.
Robert B. McGREGOR, Appellee.
No. 78-1975/T4-205.
District Court of Appeal of Florida, Fifth District.
April 2, 1980.
*758 H.S. Henderson, Titusville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
UPCHURCH, Judge.
This is an appeal from a final order of the Circuit Court for Brevard County holding Appellant, Lawrence M. Litus, an attorney, guilty of criminal contempt.
Appellant scheduled a hearing before Circuit Judge Robert B. McGregor on a motion to set aside a bench warrant in a criminal matter. Appellant failed to attend the hearing and the judge issued a rule to show cause why Mr. Litus should not be held in contempt. At the hearing on the rule, Appellant was adjudged guilty and a fine of $500.00 was imposed which was suspended pending his attendance at all of his future scheduled hearings.
Appellant raises as error that the court abused its discretion in finding him guilty of indirect criminal contempt.
We REVERSE.
A criminal contempt citation will be upheld provided it meets these criteria:
1. The conduct of the party must in law constitute contempt;
2. the contempt proceedings were in "due course of law;" and
3. the punishment must be appropriate to the offense.
Vines v. Vines, 357 So.2d 243 (Fla. 2d DCA 1978). The procedure followed by the trial court and the punishment, especially because it was suspended, require no discussion; therefore, we shall consider only whether Appellant's conduct, in law, constituted criminal contempt. See Lee v. Bauer, 72 So.2d 792 (Fla. 1954).
The purpose of criminal contempt is solely to vindicate the authority of the court or otherwise punish for conduct offensive to the public in violation of an order of the court. Faircloth v. Faircloth, 321 So.2d 87 (Fla. 1st DCA 1975).
The courts in Krueger v. State, 351 So.2d 47 (Fla. 3d DCA 1977) and Ray v. State, 352 So.2d 110 (Fla. 1st DCA 1977) followed the test of Ex parte Biggers, 85 Fla. 322, 95 So. 763 (1923) stating:
If the matter complained of as constituting contempt, when fairly interpreted, does not have a reasonable tendency to degrade, or to embarrass or hinder a judge in performing his own duty, or to affect a mind of reasonable fortitude, it is not a criminal contempt for which imprisonment may be lawfully adjudicated particularly when an intent to offend is denied on oath.
The courts went on to say that:
Generally it is the nature and reasonable tendencies of the matter complained of that controls; and if the matter is of doubtful tendency or might or might not be considered ambiguous as to its general or specific purpose, the circumstances under which the thing was done or in which its consequences are to appear, may be considered in determining the reasonable tendency of the matter to affect judicial authority or dignity.
The sworn testimony of Appellant acknowledged that he was aware the hearing had been scheduled, and a conflict developed with matters scheduled at the same time in another court. Appellant requested his associate, Mr. Joe M. Mitchell, an attorney familiar with the case, to appear before the court on that date. The court acknowledged that it would have been acceptable had Mr. Mitchell appeared. Appellant neglected to specifically instruct Mr. Mitchell to handle the particular hearing but requested only that he take care of the matters on the criminal docket for that date. The hearing was not listed on the docket *759 and when all matters were covered Mr. Mitchell asked to be excused and left. Therefore, no one was present for the scheduled hearing.
The court characterized this conduct as an "[i]nterference with the administration of justice and contumacious in character ..."[1]Black's Law Dictionary, 298 (5th ed. 1979) defines "contumacious conduct" as "willfully stubborn and disobedient conduct, commonly punishable as contempt of court." The court announced that the acts tended to interfere with the proper administration of justice, not in the sense of planned or organized conduct, but in a sense of neglect.
Nothing in the record reflects that Appellant acted in a willfully stubborn manner. The worst that can be said of Appellant's conduct was that it reflects he was disorganized and negligent in his planning. He promptly and respectfully apologized to the court, assumed full responsibility for his oversight, and assured the court he had taken steps to avoid repetition of the incident. The record does not reflect that Appellant previously had ever missed a hearing or even been tardy. It does not reflect that he deliberately ignored this hearing with awareness and knowledge that the hearing would not be covered. To sustain the lower court's position the conclusion would be inescapable that anytime an attorney misses a scheduled hearing because of carelessness or neglect he would be guilty of criminal contempt.
In Lee v. Bauer, 72 So.2d 792 (Fla. 1954) the contemnor failed to appear in compliance with a pre-trial order and the court's finding of contempt was sustained on appeal. In Carroll v. State, 327 So.2d 881 (Fla. 3d DCA 1976) the attorney persisted in improper questioning of a witness and the trial court found him guilty of criminal contempt. The appellate court reversed holding that the trial judge failed to warn him that if he persisted he would be cited for contempt. See Kleinfield v. State, 270 So.2d 22 (Fla. 3d DCA 1972). In the case before us, no order requiring counsel's attendance had been entered nor was there anything to reflect Appellant had ignored or disregarded previous instructions or warnings of the court. While there is no doubt that a trial court possesses the inherent power to punish for contempt this power should be exercised cautiously and sparingly. Carroll v. State, supra.
In Vines v. Vines, supra, the court said, "... [t]he true test is whether the conduct interferes with or impugns the judicial function, not whether it causes a particular judge to feel aggrieved or vexed." While failure to appear at a hearing by counsel is undoubtedly somewhat disrespective of a judge's planning and time management, it does not impugn the judicial function in the sense that the judge is hindered in his ability to administer justice. The same disruption is present when a hearing is cancelled for whatever cause. No evidence appears in the record that the judicial function was otherwise impugned.
The trial court suspended payment of the fine conditioned on Appellant appearing at *760 all future scheduled matters in which he is counsel of record. Essentially, the same method could have been used to assure Appellant's attention without adjudicating him guilty of criminal contempt, that is, by entering an order warning Appellant that should he again fail to appear he would be cited for contempt and a fine or other appropriate punishment imposed.
The order of contempt is reversed and this cause is remanded for entry of an order not inconsistent with this opinion.
REVERSED and REMANDED.
CROSS and COBB, JJ., concur.
NOTES
[1] The court makes the following findings of fact:

A. That the Respondent, Lawrence M. Litus, had obtained hearing time with the court which was scheduled on August 21, 1978 at 9:15 A.M. or as soon thereafter as may be heard in chambers at the Brevard County Courthouse in Titusville, Florida on the defense Motion to Set Aside Bench Warrant.
B. That the Respondent failed to appear at that time and place.
C. That the Respondent had requested his associate in the practice of law, Joe Mitchell, Esquire, to cover matters before the court on the day and time in question but had failed to instruct Mr. Mitchell that a hearing was scheduled on the aforesaid motion and that, while Mr. Mitchell appeared on other matters before the court, he left before the hearing was called up on the aforesaid motion.
D. That hearing on said motion was held at another time and date, that is to say, August 25, 1978 at which the defendant, Homer Lee Ozzment, was authorized to be released upon the original bond posted.
The Court further finds that the aforesaid facts constitute an interference with the administration of justice and that they are contumacious in character.