382 So.2d 870 (1980)
Donald TOWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 79-127/T4-373.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
*871 Donald Towson, in pro. per.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a revocation of probation entered by the Circuit Court of Orange County, Florida. The Public Defender has filed an Anders[1] motion and brief, requesting leave to withdraw as counsel for the appellant and representing to this court that no reversible error appears. On January 21, 1980, this court gave the appellant thirty (30) days within which to file a brief on his own behalf. No such brief has been filed. The court has reviewed counsel's brief and the record herein and no reversible error appears. The motion of the Public Defender to withdraw is hereby granted.
Although no reversible error was committed, there is an error in the written order of revocation. The order of revocation recites a finding of violation of condition (H), requiring the appellant to live at liberty without violating any law. At the revocation proceedings, the State withdrew the charge concerning the violation of this condition. Fundamental due process requires that revocation of probation be based only on the violation alleged. Frederick v. State, 339 So.2d 251 (Fla. 4th DCA 1976). The trial court did not find a violation of condition (H), but added that finding in its written order, which written order must conform to the court's oral announcement. Sampson v. State, 375 So.2d 325 (Fla.2d DCA 1979). The written finding was obviously a typographical error.
The judgment is hereby amended to delete the finding of guilt as to a violation of condition (H) and is otherwise affirmed. The sentence is also affirmed.
AFFIRMED AS MODIFIED.
UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).