PER CURIAM.
The appellant, Manuel W. James, is an attorney practicing in the Sixteenth Judicial Circuit who has been held in contempt of court for his failure to appear in court at the call of a criminal case in which he had been retained to represent the defendant. We hold that this appeal from the judgment of contempt must be reversed because the procedure employed did not afford the accused a fair opportunity to present evidence of the reasons for his failure to appear or to present evidence of the existence of any mitigating circumstances.
Florida Rules of Criminal Procedure 3.830 and 3.840 set out with some specificity the procedures to be followed in the punishment of either direct or indirect contempt of court. Possibly because of clerical errors or the failure to make a proper record, there is no showing on this appeal that the accused had a fair opportunity to respond.
The basis for the contempt judgment was the appellant’s failure to appear at a regularly-set trial court hearing where he had a duty to appear. Depending on the circumstances, such an obstruction of the court’s work may be a direct criminal contempt or, if explained, may be shown not to be contemptuous. See, e. g., Aron v. Huttoe, 258 So.2d 273 (Fla. 3d DCA 1972). In the present instance, rather than issuing a writ of body attachment, the court entered a rule directing the appellant to show cause why he should not be held in contempt; the rule was served on appellant. For some reason not appearing in the record, the court struck the order and, thereafter, a second order to show cause was issued. The record does not show that the appellant was served with this order.
The appellant did not appear in court at the time specified in the second order and was thereupon adjudged to be in contempt, thus giving rise to this appeal. Because of insufficient support in the record, we hold that the judgment must be reversed. We do so without expressing any *1146 opinion on the merits of the cause. However, we do remind the Bar that every attorney has a direct responsibility to the court to appear when his cases are regularly set and called. See Annotation 97 A.L.R.2d 431 (1964).
Reversed and remanded for further proceedings.