390 So.2d 448 (1980)
Ray SANDSTROM, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2119.
District Court of Appeal of Florida, Fourth District.
November 19, 1980.
Rehearing Denied December 17, 1980.
Ray Sandstrom, of Sandstrom & Haddad, Fort Lauderdale, in pro. per.
Jim Smith, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order holding appellant in direct criminal contempt. First, appellant attacks the validity of the underlying order. Since the trial court had jurisdiction to render the underlying order and the order was not transparently invalid or a mere frivolous pretense to validity, the propriety of said order became insulated from attack upon the contemptuous violation thereof. Sandstrom v. State, 309 So.2d 17 (Fla.4th DCA 1975), cert. discharged 336 So.2d 572 *449 (Fla. 1976) relying, in part, on Walker v. City of Birmingham, 388 U.S. 307, 315, 87 S.Ct. 1824, 1829, 18 L.Ed.2d 1210 (1967); In re Estate of Coveney, 324 So.2d 681 (Fla. 4th DCA 1976).
Appellant's next assertion that his failure to appear in court on the day and time ordered could not be the basis for a direct contempt, but only an indirect contempt, is erroneous. Aron v. Huttoe, 258 So.2d 272 (Fla.3d DCA 1972), adopted 265 So.2d 699 (Fla. 1972); see James v. State, 385 So.2d 1145 (Fla.3d DCA 1980).
Finally, in open court the trial court orally sentenced appellant to twenty-four hours in jail in addition to a fine of $2,000. When reduced to a writing the order recited jail time of forty-eight hours as well as the $2,000 fine. The written order must be corrected to conform to the oral pronouncement. Byrd v. State, 388 So.2d 1362 (Fla.5th DCA 1980); Towson v. State, 382 So.2d 870 (Fla.5th DCA 1980); Sampson v. State, 375 So.2d 325 (Fla.2d DCA 1979); Chester v. State, 355 So.2d 509 (Fla.2d DCA 1978); Sing Eng v. State, 350 So.2d 559 (Fla.2d DCA 1977).
REMANDED for correction of the sentence; otherwise AFFIRMED.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.