PER CURIAM.
After due consideration of the Anders[1] brief filed on behalf of Appellant and the record, we affirm the revocation of her probation, but we remand the case for correction of the written revocation order.
The order is ambiguous because it first indicates that Appellant was found guilty of violating conditions I, III, V, and IX but later states she was found not guilty of violating condition V. Further, the order does not state that Appellant was found not guilty of condition IX. Since at the hearing the court only found that Appellant had violated conditions I and III and had not violated conditions V and IX, it should correct the written revocation order to conform to its oral pronouncement. Rusu v. State, 370 So.2d 79 (Fla. 2nd DCA 1979); and Towson v. State, 382 So.2d 870 (Fla. 5th DCA 1980).

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).