### KNOWLES v. KNOWLES
No. 81-9819
Circuit Court, Dade County
June 18, 1982 and June 25, 1982

Jack Block, for plaintiff.

Sandor F. Genet, for defendant.

JON I. GORDON, Circuit Judge.

Pursuant to Plaintiff's Motion to Set Cause for Trial, the above styled cause was set by Court order dated March 24, 1982 for Non-Jury Trial before the undersigned Judge for the one week period commencing on June 21, 1982. Attorneys for the parties were directed to appear before the undersigned Judge for the Call of the Calendar at 1:30 p.m. on June 17, 1982. Counsel for the Plaintiff, Jack Block, by telephone, the morning of June 17, 1982, advised the Court's office that the cause had been "settled" and he requested that the cause be removed from the trial calendar and that he be excused from attending the Call of the Calendar. Mr. Block was advised that the Court would handle the matter as an uncontested dissolution at the Call of the Calendar or at some other time during the trial week, but that the secretary was unauthorized to remove same from the trial calendar or to excuse him from attending the Calendar Call. Mr. Block thereafter informed the Court's secretary that he did not in any event intend to be in town the trial week of June 21, 1982. Mr. Block was advised to attend the Calendar Call and to explain the matter to the Judge and to seek further direction.

Thereafter, Mr. Genet, opposing counsel, telephoned the Court's Chamber and advised the bailiff that the matter had been settled and in light of the extremely inclement weather, requested to be excused from attending the Call of the Calendar. The Court was informed, and the bailiff was directed to inform Mr. Genet that under the circumstances neither he nor Mr. Block would be required to attend the Calendar Call and that the matter would be heard as an uncontested dissolution, Monday, June 21, 1982, at 9:00 a.m. Mr. Genet was to so advise Mr. Block.

Mr. Block appeared at the Calendar Call and stated that Mr. Genet had not contacted him. The Court inquired whether the cause was indeed settled to which Mr. Block replied "almost" or "practically". The Court then announced that under the circumstances the cause would be tried Monday, June 21, 1982, at 9:00 a.m. Mr. Block responded that he was Mayor of the City of South Miami, that he had other engagements the week of June 21, 1982, that he would not appear as

directed and that he had filed no motions for continuance and that the Court could cite him for contempt if it wanted to. The Court explained that it could not entertain an ex-parte ore tenus motion for a continuance and that under the circumstances the cause would be dismissed.

Upon review of the Court file it appears that a counter-petition for dissolution had been filed, that custody of a minor child of the marriage was in issue and that it would serve an injustice upon the petitioner and possibly upon the minor child to dismiss the petition and to enter a default. Therefore, it is

ORDERED AND ADJUDGED that the above styled cause is specially set before the undersigned Judge to commence in Chambers for Non-Jury Trial, Wednesday, June 23, 1982, at 2:00 p.m. and counsel for the parties are directed to appear.

Further, you Jack Block, are hereby directed and ordered to appear before the undersigned Judge at said time and place to show cause why you should not be held in direct criminal Contempt of Court for your statements and conduct occuring at the Call of the Calendar. Failure to appear as directed will result in the issuance of a Writ of Bodily Attachment.

THIS CAUSE came on to be heard pursuant to the Court's Order of June 18, 1982 commanding Jack Block, Esq. to appear before the Court June 23, 1982 in order to Show Cause why he should not be held in direct Criminal Contempt of Court for his statements and conduct at the Call of the Calendar on June 17, 1982.

Mr. Block represented the petitioner wife in the above styled domestic action. Pursuant to his Motion to Set Cause for Trial, this cause was set aside by Court Order dated March 24, 1982 for Non-Jury Trial before the undersigned Judge for the one week period commencing on June 21, 1982. Attorneys for the parties were directed to appear before the undersigned Judge for the Call of the Calendar at 1:30 p.m. on June 17, 1982. In response to the Court's directive to appear Monday, June 21, 1982 at 9:00 a.m. for trial, Mr. Block, in the Courtroom and in the presence of the Court and numerous counsel, announced in a loud, rude and beligerent voice that he was the Mayor of the City of South Miami, that he had other engagements the week of June 21, 1982, that he would not appear for trial as directed and that the Court could cite him for contempt if it wanted to.

Mr. Block, with able counsel, appeared before the Court in compliance to the Order to Show Cause and pursuant to Rule 3.830 of the Rules of Criminal Procedure. He was again informed of the accusation against him.

Mr. Block, thereafter was given a full opportunity to present evidence of excusing or mitigating circumstances to show cause why he should not be adjudged guilty of contempt by the Court and sentenced therefore.

The Court after having taken testimony and otherwise being fully advised in the premises finds that Mr. Block has totally failed to show good cause why he should not be held in direct criminal contempt for his statements and conduct at the Call of the Calendar. Mr. Block admitted in substance and five independent witnesses corroborated that he uttered the contemptuous statements in the manner for which he stands accused. Contrary to the tenor of his letter of June 18, 1982, Mr. Block now for the first time professes that he was wrong, that he had unfortunately lost his temper and that he is repentant.

The contemptuous statements made in the presence of the Court and numerous counsel, unquestionably were intended and calculated to embarrass, hinder or obstruct the Court in the administration of justice, or were calculated to lessen its authority or its dignity.

> "Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the Court and to punish for disobedience of its orders. *Aron v. Huttoe,* 258 So.2d 272, 273 (3d D.C.A. Fla. 1972).

The predicament in which Mr. Block now finds himself is of his own making. He filed the action on behalf of his client, he noticed it for trial, he knowingly made the arrangements the week the matter was set for trial, he failed to move timely for a continuance, and he confronted the Court and *demanded* that the cause be tried at his convenience in light of his political activities. Every attorney has a direct responsibility to the Court to appear when his cases are regularly set and called for trial. No attorney, because he holds political office should expect, exploit, nor demand privileges not otherwise extended to general members of the bar. The Court most assuredly would have attempted to accommodate Mr. Block—as it would have any lawyer—if a timely request, with notice to opposing counsel had been properly made. The Courts alone are charged with the ultimate responsibility for the fair and orderly administration of justice. In the discharge of its duty, the Courts must neither be delayed, intimidated, nor affected by the political aspirations or activities of litigants or their counsel. Mr. Block chose instead to directly challenge and to confront the Court in the Courtroom and in

the presence of numerous lawyers, rather than to alter his plans or to pursue his appellate remedies. Once such a blatant challenge is extended, the Court cannot, should not and will not ignore it nor permit it to go unanswered. The Court therefore,

FINDS, ORDERS AND ADJUDGES

That you, Jack Block, are found and Adjudicated guilty of direct Criminal Contempt of Court for your statements and conduct above recited at the Call of the Calendar and that for said contempt you are hereby sentenced to serve one day at the Dade County Stockade, to report there at 8:00 a.m., July 3, 1982 and to released therefrom at 3:00 p.m. Further, the Court reserves jurisdiction to assess Court cost against you incident to these proceedings.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 25 day of June, 1982.