# GELMAN v STATE OF FLORIDA
## Case No. 86-8-AP
Fourth Judicial Circuit, Duval County
March 16, 1987

## APPEARANCES OF COUNSEL

**Robert Gordon** for appellant.

**Walter M. Meginniss,** Assistant Attorney General, Department of Legal Affairs, for appellee.

## OPINION OF THE COURT

PETER WEBSTER, Circuit Judge.

Appellant, a practicing attorney, seeks review of an "Order of Contempt" finding him in contempt of court "for his failure to appear for trial . . . set for Wednesday, the 4th day of December, 1985, at 2:45 o'clock p.m.," and fining him $400 for that contempt. Appellant does not contend that his failure to appear for trial at the scheduled time was not contemptuous and, accordingly, this Court will not

address that issue. Rather, appellant's sole point on appeal is that, in its conduct of the contempt proceeding, the court below materially departed from the procedural prerequisites set out in Rule 3.840, Florida Rules of Criminal Procedure, which applies to indirect criminal contempt, and that, therefore, the "Order of Contempt" must be reversed.

Appellant cites no cases which are directly in point to support his position that failure to attend a scheduled hearing must be punished as indirect, rather than direct, contempt. Instead, he relies on decisions explaining the distinctions between indirect and direct contempt in general terms, such as *Pugliese v. Pugliese*, 347 So.2d 422, 425 (Fla. 1977), in which the Court said:

> Where the act constituting the contempt is committed in the immediate presence of the court, this contempt is defined as direct. Where an act is committed out of the presence of the court, the proceeding to punish is for indirect (sometimes called constructive) contempt.

However, as further research would have revealed to appellant, reference to such general, black letter law is not, alone, sufficient to provide an answer as to whether failure to attend a scheduled hearing is direct or indirect contempt.

> Opinions have differed sharply . . . as to whether an attorney's absence at a legal proceeding should be characterized as a direct or indirect contempt, due in part to the semantical problem of whether it constitutes an offense committed in the presence of the court, where the attorney is supposed to be, or outside the court, where he is. Some jurisdictions have treated attorney absences as direct contempts, reasoning, for example, that the absence is an event immediately evident to the court, which thus has direct knowledge of the contempt and needs no hearing to support its judgment, while the attorney bears the burden of explaining his conduct. . . . Others have adopted the indirect contempt approach, sometimes arguing that while the mere fact of the absence is before the court, the offense consists not merely in the absence itself but in the intent with which the attorney absents himself, which will often depend on events occurring outside the court. . . . A few states have decided that these offenses combine features of both direct and indirect contempts, have coined the term "hybrid contempt" to describe this mixed form, and have prescribed some manner of proceeding intermediate between summary action and a full formal hearing. . . . Finally, some jurisdictions appear to be divided within themselves,

their ultimate resolutions of this issue not yet clear. Annot., 13 A.L.R. 4th 122, 127 (1982).

Accordingly this Court must attempt to determine the laws of Florida on this question.

Appellee cites several decisions which it contends stand for the proposition that failure to attend a scheduled hearing may be treated as direct criminal contempt. *E.g., Porter v. Williams*, 392 So.2d 59 (Fla. 5th DCA 1981); *Sandstrom v. State*, 390 So.2d 448 (Fla. 4th DCA 1980); *James v. State*, 385 So.2d 1145 (Fla.3d DCA 1980). Although appellant attempts to distinguish these decisions, this Court is of the opinion that they do, in fact, stand for the proposition that failure by an attorney to attend a hearing or other court proceeding as ordered may be punished as direct criminal contempt. Appellee also cites *Aron v. Huttoe*, 258 So.2d 272 (Fla. 3d DCA) *cert. discharged*, 265 So.2d 699 (Fla. 1972). While somewhat distinguishable factually, it may fairly be argued that the District Court's opinion in *Aron* (which was adopted by the Supreme Court) also supports appellee's argument in favor of direct contempt. See also *State v. Harwood*, 488 So.2d 901 (Fla. 5th DCA 1986), revealed by this Court's research.

In light of the foregoing decisions, one might well be led to conclude, as does appellee, that failure of an attorney to attend a scheduled hearing or other court proceeding is treated as a direct contempt in Florida. However, this Court's independent research has uncovered a decision of the Florida Supreme Court, not cited by either party, which appears to the Court to hold that it is error to treat an attorney's failure to attend a scheduled pretrial conference as direct, rather than indirect, contempt. *Lee v. Bauer*, 72 So.2d 792 (Fla. 1954). In *Lee*, the Court said:

> A majority of the courts are of the view that counsel should have been brought before the court under rule to show cause and given an opportunity to explain his failure to appear at the pretrial conference before adjudging him in contempt. It is not such a case as warrants summary discipline and punishment, absent a charge or rule to show cause. 72 So.2d at 793.

Of course, historically (and at present) a significant distinction between direct and indirect contempt is that, in the former, the court may punish summarily while, in the latter, an order (formerly rule) to show cause must be issued. *See generally* 11 Fla. Jur.2d, *Contempt* § 2, at 152. *Compare* Fla.R.Crim.P. 3.830 *with* Fla.R.Crim.P. 3.840.

While this Court is aware that in *Aron v. Huttoe*, 265 So.2d 699 (Fla. 1972), the Supreme Court adopted the District Court's decision holding that a person who fails to appear at trial after having been

124

subpoenaed to do so may be held in direct contempt, it remains a fact that the Supreme Court has never overruled its decision in *Lee*. Moreover, none of the District Court decisions relied on by appellee mentions, much less distinguishes, *Lee*. Until and unless the Supreme Court overrules its decision in *Lee*, this Court is of the opinion that, notwithstanding the District Court opinions cited by appellee, it is obliged to follow *Lee*. *See generally State v. Lott*, 286 So.2d 565 (Fla. 1973). The Court also believes that a decision that the act involved here should be treated as an indirect contempt is more consistent with the general proposition that indirect contempts are those not committed in the court's presence because the reason(s) why an attorney fails to appear are a critical element to be evaluated in determining whether the non-appearance was contemptuous. In addition, any doubt as to whether an act constitutes direct or indirect contempt should be resolved in favor of the contemnor, and a finding that it is indirect. *Fox v. State*, 490 So.2d 1288 (Fla. 5th DCA 1986). Accordingly, the Court concludes that, to the extent appellant's conduct was contemptuous, it constituted an indirect, rather than a direct, contempt and is, therefore, governed by Rule 3.840, Florida Rules of Criminal Procedure.

Having concluded that Rule 3.840 applies, it is next necessary to determine whether, as urged by appellant, the court below materially departed from the essential requirements of the Rule, necessitating reversal. Reluctantly, this Court concludes that there were material departures from the Rule, requiring reversal and remand for further proceedings.

First, it is undisputed that, at most, appellant received twenty-four hours advance notice of the hearing. Rule 3.840 requires that "a reasonable time" be "allowed for preparation of the defense after service of the order [to show cause]." As the hearing transcript reveals, appellant was not afforded "a reasonable time . . . for preparation of [his] defense." *See generally Fox v. State*, 490 So.2d 1288 (Fla. 5th DCA 1986).

Second, no "judgment" of guilty was signed and entered. Instead, an "Order of Contempt" was used. This also fails to comply with the Rule. Moreover, the factual finding contained in the "Order of Contempt" is insufficient under the Rule. "Contempt is an intentional offense against the authority of the court or a judge performing his judicial duties." *Tubero v. Ellis*, 472 So.2d 548, 550 (Fla. 4th DCA 1985). However, the "Order of Contempt" contains no finding of fact on the issue of intent and is, therefore, legally insufficient. *See Wells v.*

125

*State*, 487 So.2d 1101 (Fla. 5th DCA 1986). *Cf. State ex rel. Garlovsky v. Eastmoore*, 393 So.2d 567 (Fla. 5th DCA 1981).

In addition, there were certain procedural irregularities in the hearing. The judge relied on unsworn statements of witnesses who were not available for cross-examination. The judge also, herself, became a witness. These irregularities cannot be considered harmless in a criminal proceeding such as this.

Appellant failed to present to the court below the issue of non-compliance with Rule 3.840. However, such non-compliance has been held to constitute fundamental error, so that failure to raise the issue in the lower court will not bar consideration on appeal. *Deter v. Deter*, 353 So.2d 614 (Fla. 4th DCA 1977).

While this Court is of the opinion that it has no alternative but to reverse and remand for further proceedings, it feels compelled to offer some additional comments. The Court shares the lower court's concern over its ability to run its curt in an orderly manner and to control its docket. It also shares the lower court's frustration with attorneys who fail to attend scheduled hearings, thereby unnecessarily causing delay and added costs to the litigants and to the taxpayers of this State. In reversing the "Order of Contempt", this Court does not intend to imply that actions such as those of appellant may not be punished by use of the contempt power. Rather, this Court holds only that, if used, the power to punish for contempt must be exercised according to the established procedural rules. Accordingly, the "Order of Contempt" is reversed and the matter remanded for further proceedings. Should the court below elect further to pursue contempt proceedings against appellant, such proceedings shall be conducted according to the procedures outlined in Rule 3.840, Florida Rules of Criminal Procedure.

For the foregoing reasons, it is

ORDERED and ADJUDGED that:

The "Order of Contempt" entered on December 6, 1985, is VACATED, and this matter is REMANDED to the trial court for further proceedings consistent with this Opinion.

DONE, ORDERED and ADJUDGED at Jacksonville, Duval County, Florida, this 16th day of March, 1987.