WIGGINTON, Judge.
Appellant appeals three judgments and sentences, citing sentencing errors which the state concedes. We reverse and remand for resentencing.
The sentences imposed are erroneous in the following respects. The written judgments and sentences fail to conform to the oral pronouncements of sentence. See Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980). Further, the orally pronounced sentences are improper for several reasons: (1) They are violative of the principles set forth in Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1989), Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987), *909 and Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989), in that they constitute interrupted sentences.' (2) They are violative of Section 922.051, Florida Statutes, which provides that when a statute expressly directs a state prison sentence, the court may impose a sentence of imprisonment in county jail if the total of the cumulative sentences is not more than one year. See Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987). (3) The total incarceration time also exceeds the guidelines recommendation of 12 to 30 months in prison in the absence of any reasons for departure, in violation of Rule 3.701(d)(ll), Florida Rules of Criminal Procedure. Finally, the trial judge also erred in failing to award appellant credit for jail time. Willis v. State, 543 So.2d 343 (Fla. 1st DCA 1989).
Reversed and Remanded for resentenc-ing in compliance with the above authorities.
SHIVERS, C.J., and WENTWORTH, J., concur.