PER CURIAM.
We affirm the final judgment of conviction and sentence but reverse the imposition of costs pursuant to section 27.3455 Fla.Stat. (1987) because the court did not afford the defendant due process before imposing these costs. We remand for hearing of this issue without prejudice to the state’s right to attempt to obtain a cost judgment upon hearing. Wood v. State, 544 So.2d 1004 (Fla.1989) (The failure to provide the basic requirements of adequate notice and meaningful hearing prior to the assessment of court costs constitutes fundamental error); Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984); Isaiah v. State, 522 So.2d 1005 (Fla. 4th DCA 1988).
AFFIRMED IN PART; REVERSED IN PART with instructions.
DELL, WALDEN and POLEN, JJ., concur.
UPON APPELLANT’S MOTION FOR CLARIFICATION
PER CURIAM.
Upon consideration of our opinion filed on March 14, 1990, page 1, in light of appellant’s motion, we are satisfied that clarification and some modification is in order.
As to Count V it appears that the trial court sentenced appellant to five and one-half years’ imprisonment and specifically stated orally that no term of probation was imposed as to this count. However, the written order of probation imposed five and one-half years of imprisonment followed by five years of probation. Without objection by appellee, the period of probation under Count V must be eliminated so as to make the written sentence conform to the trial court’s earlier oral pronouncement.
We remand to the trial court with instructions to make the change in the written order as herein outlined. Robinson v. State, 548 So.2d 908 (Fla. 1st DCA 1989); Sirmons v. State, 405 So.2d 310 (Fla. 4th DCA 1981); Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980).
The motion is
GRANTED.
DELL, WALDEN and POLEN, JJ., concur.