PER CURIAM.
Defendant below, Michael Fischer, was scheduled for trial in the Circuit Court, Case No. 88-41668, on February 27, 1989. At the outset of the proceedings defendant made it known to the court that he was not satisfied with his court appointed counsel and that he would rather proceed pro se. These remarks were predicated upon the alleged fact that there had been little or no communication between Mr. Fischer and his lawyer. Defendant also made it known that he had never seen or met the court appointed co-counsel, Ms. Palma, which Ms. Palma verified. The trial judge then reminded Mr. Fischer that the case had already been postponed once and was now proceeding to trial. Defendant was also told that if he persisted he could, and would, be found in direct contempt of court. Mr. Fischer’s response to the court’s admonition was, “I don’t understand nothing you’re saying.” Upon hearing this remark, the trial judge instructed the defendant to rise, whereafter he was cited for direct contempt of court.
Based on our review of the record and the applicable standard for a finding of contempt, we find that the alleged contemptuous remarks made by the appellant *320 Michael Fischer were, in fact, not such as to degrade or obstruct the court process. Dudley v. State, 511 So.2d 1052 (Fla. 3d DCA 1987). See e.g., Clein v. State, 52 So.2d 117 (Fla.1950); Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981); Litus v. McGregor, 381 So.2d 757 (Fla. 5th DCA 1980). Therefore it was error to adjudicate appellant in direct contempt and the adjudication and sentence thereon be and the same is hereby reversed and set aside and the cause is remanded with directions to discharge the defendant on the contempt charge.