HARRIS, J.
Welch was not present when roll was called at a docket sounding and the judge issued a bench warrant for his arrest. Welch was twenty-ninth on the list of cases. Shortly after roll call, Welch entered the courtroom. The judge advised him that his late appearance constituted contempt of court. Welch explained that “before they opened the doors I had to use the bathroom here and I took a little time there.” The court found Welch guilty of contempt and sentenced him to six months in the county jail, suspended, and required him to report to probation. We reverse.
First, the court’s order of contempt did not recite the facts upon which he based his decision as required by Rule 3.830, Florida Rules of Criminal Procedure (1998), so we cannot tell whether the judge found that *372 Welch’s tardiness was willful. See Scrimshaw v. State, 592 So.2d 753 (Fla. 3d DCA 1992). Second, since Welch’s trial was number twenty-nine on the list, there is no indication that Welch’s tardiness in any way hindered the judge’s ability to administer justice. See Litus v. McGregor, 381 So.2d 757 (Fla. 5th DCA 1980).
REVERSED.
GRIFFIN, C.J., and PETERSON, J., concur.