392 So.2d 59 (1981)
David M. PORTER, Appellant,
v.
Volie A. WILLIAMS, Jr., Appellee.
No. 80-488.
District Court of Appeal of Florida, Fifth District.
January 7, 1981.
David M. Porter, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, the Public Defender of the Eighteenth Judicial Circuit, appeals from an order holding him in contempt of court *60 for his failure to personally appear at a sentencing hearing.
The Public Defender had been appointed to defend Willie Evans who had been charged with armed robbery. Responsibility for the case was assigned to an assistant public defender. On March 7, 1980, the judge addressed a letter to appellant advising him that he was expected to be present on April 3 at Evans' sentencing. The Public Defender's office forwarded the letter to the assistant, but unknown to appellant, the assistant was outside the circuit at the time of the hearing on April 3.
When appellant failed to appear at the hearing, Judge Williams had a bailiff inquire as to his whereabouts. Another assistant arrived at the courtroom and the court proceeded with the sentencing. Judge Williams found appellant in contempt and fined him $100.00 for his failure to appear. Following this adjudication, appellant appeared and was told by Judge Williams to ask the court reporter what transpired. No opportunity was afforded to appellant to explain the reasons for his absence.
Was appellant properly adjudged in contempt of court? We think not and reverse.
Contempt is defined in rule 3.830, Florida Rules of Criminal Procedure, which provides that the judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. The rule also provides that prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause why he should not be adjudged guilty. The defendant also is to be given the opportunity to present evidence of excusing or mitigating circumstances.
For an indirect criminal contempt, rule 3.840, Florida Rules of Criminal Procedure, an order to show cause is to be issued giving the time and place of a hearing, the essential facts constituting the contempt and requiring defendant to appear and show cause why he should not be held in contempt of court. Indirect criminal contempt occurs where the act constituting the contempt is committed out of the presence of the court. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). Where the act is committed in the immediate presence of the court, the proceeding to punish is for direct criminal contempt. Id.
Non-appearance pursuant to an order of the court is normally considered a direct criminal contempt since it is committed in the immediate view and presence of the court. See, e.g., Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980). Therefore, summary punishment is proper, but the court failed to follow the procedures defined in rule 3.830.
We therefore reverse and remand to the trial court for further proceedings consistent with the requirements of rule 3.830.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.