633 So.2d 1198 (1994)
James Armstrong VIA, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04305.
District Court of Appeal of Florida, Second District.
March 25, 1994.
James Marion Moorman, Public Defender, and Kenneth D. Whitfield, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
James Armstrong Via appeals an order finding him guilty of indirect criminal contempt. He argues that his conduct did not constitute indirect criminal contempt. We agree and reverse.
On September 2, 1992, Via appeared in Collier County Court and received a jail sentence for an offense unrelated to this appeal. Following sentencing, Via was taken out of the courtroom for return to the Collier County jail. While en route to the jail and in the custody of a deputy sheriff, Via kicked and damaged the door housing an elevator emergency telephone.
For the specific conduct of kicking and damaging the telephone door, an order to show cause was issued charging Via with indirect criminal contempt. Following a bench trial, Via was found guilty and sentenced to 90 days in jail consecutive to the sentence being served, with 60 days suspended, and a placement on supervised probation with the condition that Via pay for the elevator repairs.
The test in determining whether conduct constitutes criminal contempt is whether the conduct interferes with or impugns the judicial function, not whether it causes a particular judge to feel aggrieved or vexed. Vines v. Vines, 357 So.2d 243, 246 (Fla. 2d DCA 1978). Direct criminal contempt results from conduct committed in the presence of a judge; indirect criminal contempt concerns conduct that has occurred outside the presence of the judge that violates a court order. See In re S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
Via's behavior, while inappropriate, was not indirect criminal contempt. His behavior did not violate a court order. There was no testimony that Via's conduct obstructed, interrupted, prevented, or embarrassed the administration of justice.
*1199 The state argues that Via's behavior is obviously contempt of court as the culmination of a continuous sequence of events that began in the courtroom. This argument must fail because there was no testimony that Via exhibited any misbehavior while in the courtroom, nor was he charged with any courtroom misbehavior. Additionally, even if supported by the evidence, this argument might support a finding of direct contempt, not indirect contempt.
While the evidence might have supported a criminal mischief charge, Via's conviction for indirect criminal contempt is clearly erroneous. Via's conduct, as charged in the order to show cause, was not contempt of court. Therefore, we reverse Via's conviction for indirect criminal contempt.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.