STEVENSON, Judge.
Appellant, Giovanny Villate, was found in indirect contempt of court for failing to appear and give testimony in a criminal trial after he was duly served with a lawfully issued subpoena. Villate stated that he did not show up at the trial because the defendant is a notorious gang member and Villate feared that the defendant would seek revenge against him if he testified. Consequently, Villate argues that he cannot be found guilty of intentionally violating the subpoena compelling him to testify because it was fear and not disrespect for the court which inspired his absence. We disagree and affirm the thirty day sentence for contempt of court.
It is well settled that an intentional failure to appear pursuant to court order constitutes criminal contempt. Porter v. Williams, 392 So.2d 59 (Fla. 4th DCA 1981), rev. denied, 397 So.2d 779 (Fla.1981). Villate cites no authority for his claim that fear of retaliation is a valid defense for failing to comply with a lawful order to appear at a court proceeding. The essential inquiry is whether the defendant intentionally failed to comply with the subpoena or other court order. See Scrimshaw v. State, 592 So.2d 753 (Fla. 3d DCA 1992) (where police detective reasonably believed that he had been excused from the subpoena by an assistant state attorney, there was no intent to disobey the order and finding of contempt was reversed). In this case, Villate admitted that he decided not to appear because of certain risks he perceived to be attendant to his appearance. His decision to disregard the subpoena was deliberately and consciously made, regardless of whether or not his fear of those perceived risks was justified.
While we sympathize with Villate’s plight, the courts simply cannot conduct orderly business where individual witnesses take it upon themselves to decide when, and if, they should respond to a court order. In view of our increasingly violent society, we hope that prosecuting attorneys will be sensitive to the understandable reluctance of some witnesses to testify in certain cases and take reasonable steps to ensure the safety of all citizens who are called to come forth to perform their civic duty of providing testimony to the courts. We note that the trial court did allow Villate to present evidence concerning his qualms about complying with the subpoena at the sentencing hearing, which according to Florida Rule of Criminal Procedure 3.840(g), is the appropriate time and place for consideration of “mitigating circumstances.”
AFFIRMED.
GUNTHER, C.J., and FARMER, J., concur.