LAWRENCE, Judge.
A.L.B., a child, was adjudicated delinquent for committing one count of criminal mischief on February 13, 1995. He was placed on community control on April 18, 1995, for six months. He quickly violated his community control, but was reinstated on May 15, 1995, under the same conditions, except that the term was extended until his 19th birthday. On June 8, 1995, A.L.B.’s community control counselor again filed a petition under oath alleging violation of community control in the following respects: (1) “According to [A.L.B.’s father] the child refuses to obey his father and the household rules. The father states ‘he is ready to put the child out, due to his major disrespect’”; (2) “According to [AL.B.’s father] and school records [A.L.B.] was expelled and told not to re-enroll. Youth was expelled on 06/02/95 for: defiance, disrespect and leaving campus after being told to go to in school suspension.”
The trial judge, on his own motion, following the filing of a petition alleging violation and being informed by the community control counselor, issued an order to show cause why A.L.B. should not be held in contempt of court for failure to abide by the court’s order placing him on community control. The show cause order alleged that A.L.B. failed to obey the reasonable demands of his parents, had been expelled from school, and violated a 6:00 p.m. curfew.
A hearing on the show cause order was held and A.L.B. was found to be in contempt based upon the three grounds contained in the order to show cause. He was sentenced to three days in secure detention for failure to obey the reasonable demands of his parents, fifteen days for the school expulsion, and fifteen days for violating the curfew.
A.L.B. challenges the ruling of the trial court on three grounds: (1) the show cause order was issued without sworn testimony; (2) the court did not consider possible alternative sanctions before sentencing him to a detention facility; and (3) separate sentences of incarceration for each violation are improper. We affirm on the first two grounds, but reverse on the third ground.
Florida Rule of Juvenile Procedure 8.150(b)(1) provides in pertinent part that indirect contempt in delinquency proceedings may be prosecuted as follows:
Order to Show Cause. The court on its oum motion or wpon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt charged *670 and requiring the accused to appear before the court to show cause why he or she should not be held in contempt of court. The order....
(Emphasis added.)
The record in the instant case reflects the statement of the trial judge that the basis of the order to show cause was upon his own motion and the sworn petition alleging violation of community control. We hold that this comports with the rule and is sufficient to warrant issuance of the show cause order.
A.L.B. also argues that the trial judge did not consider alternative sanctions before sentencing him to a detention facility. This argument is clearly without merit, in that the trial judge had previously placed A.L.B. on community control and extended the term after violation.
A.L.B. finally argues that three sentences issued pursuant to one order of contempt are improper. We agree and hold that under the facts of this case, only one sentence may properly be imposed, even though multiple grounds were alleged and proven.
Accordingly, the order of contempt and sentence for three days in the detention center are affirmed; the two sentences for terms of fifteen days are vacated and set aside.
MICKLE, J., concurs.
WEBSTER, J., dissents with opinion.