GLICKSTEIN, Judge.
This is an appeal from an order adjudicating appellant in contempt of court and sentencing him to thirty days in the county detention center. We affirm.
Following the trial court’s direction of a verdict against appellant in his civil proceeding, appellant was found by the trial court to have engaged in the following as to the civil defendant’s trial counsel:
1. Paul V. Hoeffer called [counsel for defendant] a “[f — king c_t]” and stated he would “see her later” in the hallway outside the Courtroom immediately following the granting of her Motion for Directed Verdict, and
2. that these actions were taken in order to threaten and intimidate an attorney in the representation of her client.
Appellant’s profane language may be a sign of our times. Whereas years ago, people might say that an individual swore like a sailor, today our societal language appears headed for the lowest common denominator. Nevertheless, while sexist, reprehensible and disgusting, the name calling in the hallway was not indirect contempt. See Via *1266 v. State, 633 So.2d 1198 (Fla. 2d DCA 1994); cf. R.C. v. State, 648 So.2d 1258 (Fla. 3d DCA), rev. denied, 659 So.2d 1088 (Fla.1995).
However, the element of threat or intimidation to an attorney who is an officer of the court justifies the trial court’s conclusion. See Murrell v. State, 595 So.2d 1049 (Fla. 4th DCA 1992); see also, e.g., cases cited in R.C., 648 So.2d at 1259. A writer recently observed that we are the masters of what we do not say and the slaves of what we do. He could have added that we imprison ourselves by threatening others.
KLEIN and PARIENTE, JJ., concur.