742 So.2d 373 (1999)
Billy J. SPEER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-816.
District Court of Appeal of Florida, First District.
August 20, 1999.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We review an order finding appellant, Billy J. Speer, in contempt of court because he "refused to come to court" for a hearing on "docket day." The failure to appear in court pursuant to a court order can constitute direct criminal contempt. See Aron v. Huttoe, 258 So.2d 272, 274 (Fla. 3d DCA) ("The contemptuous acts were committed in the actual presence of the court when the court saw that the doctor was not present at the trial with his records and saw and heard that he had been subpoenaed by each party.... We believe the record establishes the trial court saw and heard a contempt committed in its actual presence and that this was a direct criminal contempt."), adopted, 265 So.2d 699 (Fla.1972); Porter v. Williams, 392 So.2d 59, 60 (Fla. 5th DCA 1981) ("Non-appearance pursuant to an order of the court is normally considered a direct criminal contempt since it is committed in the immediate view and presence of the court."); Sandstrom v. State, 390 So.2d 448, 449 (Fla. 4th DCA 1980) ("Appellant's next assertion that his failure to appear in court on the day and time ordered could not be the basis for a direct contempt, but only an indirect contempt, is erroneous."); James v. State, 385 So.2d 1145, 1145 (Fla. 3d DCA 1980) (explaining that an attorney's failure to appear at a scheduled court hearing "may be a direct criminal contempt or, if explained, may be shown not to be contemptuous"). See also Woods v. State, 600 So.2d 27, 29 n. 1 (Fla. 4th DCA 1992) ("While the recent case of Hayes v. State, 592 So.2d 327 (Fla. 4th DCA 1992), questions the logic of treating non appearance as a direct criminal contempt, that issue was addressed in Aron, which is controlling."). In this case, however, we must reverse the contempt order because nothing in the record indicates that Speer had been ordered to appear in court. The *374 State has not filed anything to suggest otherwise.
REVERSED.
KAHN, WEBSTER and VAN NORTWICK, JJ., CONCUR.