799 So.2d 313 (2001)
George MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1158.
District Court of Appeal of Florida, Second District.
October 5, 2001.
*314 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
FULMER, Acting Chief Judge.
George Martinez appeals from an order holding him in direct criminal contempt for failing to appear pursuant to a witness subpoena. We reverse because the record lacks any evidentiary basis for the findings of fact underlying the contempt judgment.
The trial court's "Judgment of Direct Criminal Contempt" recites the following facts:
Defendant was a witness to the matter of the State [of] Florida v. Jose Santiago, Case No. 99-12723-E. The case was set for trial on January 19, 2000. The Defendant was duly served a subpoena for trial and failed to appear on January 19, 2000. Prior to the date, the Defendant personally spoke with TPD Det. James Bradford on the case, and told the detective that he would not appear.
The Defendant's knowledge of the case was that he witnessed a shooting, later identified the Defendant to the police officers as having been involved, and selected the Defendant's picture from photopak.
The detective warned the Defendant of the consequences of his failure to appear pursuant to the subpoena.
As a result of the actions of George Martinez, the State of Florida was obligated to plea negotiate the criminal case to a below guidelines sentence. The Defendant Santiago eventually pled guilty pursuant to an agreement on January 25, 2000.
On January 31, 2000, George Martinez, through his counsel, suggested that he was in fear for his personal safety if he were to appear pursuant to the subpoena. Mr. Martinez' mother testified to the same on February 8, 2000.
Based on these facts, the trial court found Martinez in direct criminal contempt and sentenced him to five months in jail.
On appeal, Martinez argues that the trial court erred in proceeding under the direct criminal contempt rule[1] because his contemptuous conduct did not occur in the presence of the court. The State asserts that a failure to appear for a trial subpoena can constitute direct criminal contempt.
Direct criminal contempt results from conduct committed in the actual presence of a judge, and may be punished summarily by the judge who witnessed the offending conduct; indirect criminal contempt concerns conduct that has occurred outside the presence of the judge. Gidden v. State, 613 So.2d 457, 460 (Fla.1993). We acknowledge authority indicating that a failure to appear can constitute direct criminal contempt. See Aron v. Huttoe, 258 So.2d 272 (Fla. 3d DCA), decision adopted, 265 So.2d 699 (Fla.1972); Speer v. State, 742 So.2d 373 (Fla. 1st DCA 1999); Woods v. State, 600 So.2d 27 (Fla. 4th DCA 1992); Porter v. Williams, 392 So.2d 59 (Fla. 5th DCA 1981). We also recognize that in other cases failure to appear has been treated as indirect contempt. See Lowe v. State, 468 So.2d 258 (Fla. 2d DCA 1985); Villate v. State, 663 So.2d 672 (Fla. 4th DCA 1995); Fredericks v. Sturgis, 598 So.2d 94 (Fla. 5th DCA 1992).
*315 In Aron v. Huttoe, 265 So.2d 699 (Fla. 1972), the supreme court approved the Third District's holding that a failure to appear at trial in response to a witness subpoena was direct criminal contempt as opposed to indirect criminal contempt. However, more recently, in Gidden v. State, 613 So.2d 457, the supreme court tacitly approved a finding of indirect criminal contempt for a defendant's failure to appear. The question presented in Gidden was whether written findings of fact are required by the indirect criminal contempt rule.[2] The act giving rise to the contempt judgment under review was the failure of a defendant to appear for arraignment. Although the court was not specifically asked to address the question of whether a failure to appear is direct or indirect contempt, it discussed the differences between direct and indirect contempt and approved the trial court's and district court's rulings without questioning the application of the indirect criminal contempt rule in the lower court proceeding. In this case, we need not address whether a failure to appear is direct or indirect contempt because reversal is required for lack of proof. But see Kelley v. Rice, 800 So.2d 247, 253-54 (Fla. 2d DCA 2001) (holding that failure to respond to a subpoena must be punished as indirect criminal contempt).
In this case, reversal is required because there was no evidence presented to support the findings of fact contained in the judgment of contempt. The record is devoid of any evidence that Martinez was properly subpoenaed to appear. See Speer, 742 So.2d at 373 (reversing direct criminal contempt order for failure to appear where nothing in record indicated appellant had been ordered to appear); see also Bouie v. State, 784 So.2d 521 (Fla. 4th DCA 2001) (same). Moreover, the transcript of Santiago's case on the day Martinez was allegedly subpoenaed to appear for trial, January 20, 2000, reveals no incourt discussion of nonappearance by any witness. The transcript indicates only plea discussions between the State and Santiago, with no indication that the plea discussions were brought about by Martinez's nonappearance. In fact, his name was never mentioned.
The transcripts of the contempt proceedings reveal that the only basis for the trial court's findings in the written judgment was a recitation of facts to the court by the prosecutor once Martinez was arrested on a warrant and brought before the court. The trial judge did not conduct an evidentiary hearing before announcing the judgment of contempt. "[I]n the absence of a stipulation, a trial court cannot make a factual determination based on an attorney's unsworn statements." Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838, 840 (Fla. 2d DCA 1994).
Accordingly, we reverse the judgment of contempt and remand for the trial court to discharge Martinez.
Reversed.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] Fla. R.Crim. P. 3.830.
[2] Fla. R.Crim. P. 3.840.