NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TJADA T. SMITH,                                     )
                                                    )
            Appellant,                              )
                                                    )
v.                                                  )       Case Nos.   2D12-5937
                                                    )                   2D12-6016
STATE OF FLORIDA,                                   )
                                                    )       CONSOLIDATED
            Appellee.                               )
                                                    )
_____            )

Opinion filed August 8, 2014.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

            In this consolidated appeal, Tjada T. Smith appeals adjudications of guilt

for contempt of court and the sentences imposed thereon in two cases.  The State

concedes reversible error as to one of the two cases.  We reverse the adjudications of

guilt and sentences in both cases due to fundamental error that occurred as a result of a legally deficient order to show cause in this indirect criminal contempt proceeding.

Apparently, Ms. Smith reported to law enforcement that she was the victim of one or more offenses allegedly committed by a Mr. Brown, which resulted in the State filing charges against him in either or both trial court case numbers 12-CF-5210 and 12-CF-5263. The trial court clerk's docketing statements for those cases reflects that the charge in case number 12-CF-5210 was aggravated assault with a deadly weapon and the charges in case number 12-CF-5263 were throwing a deadly missile at, within, or into a vehicle; burglary of a conveyance with assault or battery; and aggravated battery with a deadly weapon. Ms. Smith did not appear on September 24, 2012, the day that a trial was scheduled in case number 12-CF-5210 and perhaps in case number 12-CF-5263.

The State dropped the charges in both cases. It immediately initiated contempt proceedings against Ms. Smith, apparently by making an oral motion for an order to show cause. The appellate record reveals only limited information about how the State presented its motion. A transcript of the proceeding or proceedings at which the State made its oral motion and presented its argument for the issuance of an order to show cause was not included in the appellate record. It appears that the State did not file a written motion, an affidavit, or any sort of verified pleading in support of or requesting the issuance of an order to show cause. Several days after the scheduled trial, the trial court issued a single order to show cause directed to Ms. Smith. That order is styled as "State of Florida [v. Brown]," case numbers 2012-CF-5210 and 2012-

- 2 -

CF-5263. Significantly, the order to show cause makes no reference to "contempt."

The body of the order states, in pertinent part:

> THIS CAUSE coming on for approval of the Court, and the Court being advised by The State of Florida that the State's Witness, Tjada Theresa Smith, was served with a subpoena on August 2nd, 2012 for Jury Trial the week of September 24th, 2012 by CSA #3455. On the referenced subpoena date; September 24th, the witness failed to appear before this court for jury trial it is
> ORDERED AND ADJUDGED that the said Tjada Theresa Smith, is to appear . . . and show cause why she failed to appear.

> A hearing on the order to show cause was held on November 1, 2012.

Ms. Smith attended this hearing with her attorney. No evidence was introduced and no testimony was presented by either the State or Ms. Smith during the portion of the hearing concerning Ms. Smith's failure to appear. Ms. Smith's attorney argued that Ms. Smith was not served with the subpoena and thus she did not willfully and knowingly fail to appear. The trial court indicated that the return of service was part of the court file[1] and concluded that the defense was not legally sufficient. It orally found that Ms. Smith "failed to appear as noticed on the date and time in question which appeared to be September 24, 2012 at 8:00 for a jury trial [in] the cause [Brown,] case number 12-5210." Based on the foregoing finding, the court determined "[t]hat as a consequence

---

[1]The initial record on appeal, which included a first supplemental record, contained little from Mr. Brown's criminal court files. The critical subpoena and related return were not in the initial record. Because of this and other deficiencies in the appellate record, this court sua sponte ordered the record supplemented. The second supplemental record, which was provided in response to our order, includes copies of two subpoenas for deposition directed to Ms. Smith and returns of service for those subpoenas, but it does not include a copy of the subpoena for trial and the related return of service. Thus, the record contains no evidence that Ms. Smith was ever served with a trial subpoena.

she is in contempt of court."  The trial court did not mention case number 12-CF-5263 in its oral finding, despite the fact that the prosecutor had listed the three counts in that case when asked by the trial court to describe the nature of the underlying charges.[2]

After the trial court determined that Ms. Smith was in contempt of court, the State requested that the court impose some period of jail time.  The court then heard Ms. Smith's testimony with respect to mitigation and the sanctions to be imposed. It delayed sentencing to give Ms. Smith an opportunity to make arrangements for the care of her young children.

A sentencing hearing was held on November 14, 2012.  At that hearing the prosecutor requested that Ms. Smith be sentenced to either a few days in jail or a short term of probation.  The trial court orally pronounced that Ms. Smith was to be sentenced to sixty days' probation and that during her probation she was to complete a domestic violence course.

On the same day as the sentencing hearing, the trial court rendered a written "Judgment and Sentence" in case number 12-CF-016434 and a separate written "Judgment and Sentence" in case number 12-CF-016436, which were not the same case numbers as the case numbers for the underlying criminal charges against Mr. Brown.  Apparently, the clerk of the trial court had created new court files with new case numbers for the purpose of the contempt proceedings, but the parties in this appeal

---

[2]When asked the nature of the charges, the prosecutor responded "Count One throwing a deadly missile within and to a vehicle.  Count Two burglary of a conveyance with assault or battery.  Count Three aggravated battery with a deadly weapon."  These charges track those listed in the trial court clerk's docketing statement for case number 12-CF-5263.

have not explained, and the record does not reveal, the correlation of the new case numbers to the case numbers for the underlying charges against Mr. Brown. While both of these judgments listed the charges against Ms. Smith as "contempt of court," they did not indicate whether the trial court adjudicated Ms. Smith guilty or whether it withheld adjudication. Additionally, neither judgment contained "a recital of the facts constituting the contempt of which the defendant [had] been found and adjudicated guilty." Fla. R. Crim. P. 3.840(f).[3] After Ms. Smith's notices of appeal were filed in each of these cases, the trial court rendered a separate single order of probation that adjudicated her guilty of "contempt of court" in the two separate cases.

The trial court never identified the type of contempt for which Ms. Smith was adjudicated guilty. However, in this district when a subpoenaed witness is not tardy, but actually does not appear at a court proceeding, any effort to bring the missing witness into court to establish that her nonappearance was an act of willful contempt must be addressed under the rules applicable to indirect criminal contempt. See Kelley v. Rice, 800 So. 2d 247, 253 (Fla. 2d DCA 2001).[4] This is true because the

---

[3]Failure to comply with rule 3.840(f) is not necessarily reversible error, but, as this case demonstrates, it can result in a record that is confusing. See Gidden v. State, 613 So. 2d 457, 460 (Fla. 1993) (addressing the predecessor to rule 3.840(f), the court stated that "the rule's purpose is fulfilled when sufficient oral findings are made on the record").

[4]But see J.D.J. v. State, 120 So. 3d 229, 230 n.1 (Fla. 4th DCA 2013) (opining that, absent an adequate excuse for nonappearance, a defendant's failure to appear may be summarily punished as direct criminal contempt and recognizing that in Kelley the Second District disagreed with the Fourth District's position on this point); Speer v. State, 742 So. 2d 373, 373 (Fla. 1st DCA 1999) (opining that the failure to appear in court pursuant to a court order can constitute direct criminal contempt); Porter v. Williams, 392 So. 2d 59, 60 (Fla. 5th DCA 1981) (same); James v. State, 385 So. 2d 1145, 1145 (Fla. 3d DCA 1980) (explaining that an attorney's failure to appear at a scheduled court hearing "may be a direct criminal contempt or, if explained, may be

witness is not present in the courtroom to allow for a summary proceeding and the acts that may or may not make the nonappearance a willful contempt necessarily occurred outside the courtroom.

The State concedes that because the record does not reflect the reason Ms. Smith was found in contempt in one of the two cases, the "order" in the "second" case must be vacated. Unfortunately, on this record, it is not entirely clear which case number should be considered the "second" case. One difficulty in making this determination arises from the shift in case numbers. Another difficulty arises from the confusion in the record regarding which of Mr. Brown's cases was set for a trial and required Ms. Smith's testimony as the victim.

Without regard to the error that the State concedes, it is clear to us that the contempt proceedings were fundamentally flawed from the moment of their initiation by the State. Fundamental error occurred at that early stage of the proceeding with the issuance of a legally deficient order to show cause. See Mix v. State, 827 So. 2d 397, 399 (Fla. 2d DCA 2002). Rule 3.840 governs the prosecution of indirect criminal contempt proceedings. With respect to orders to show cause, it provides:

> A criminal contempt, except as provided in rule 3.830 concerning direct contempts, shall be prosecuted in the following manner:
> (a) Order to Show Cause. The judge, on the judge's own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal

___

shown not to be contemptuous"). See also Martinez v. State, 799 So. 2d 313, 314-15 (Fla. 2d DCA 2001) (recognizing a split in authority as to whether a failure to appear constitutes indirect criminal contempt rather than direct criminal contempt, but declining to decide whether the appellant's failure to appear was direct or indirect contempt because reversal was required due to lack of proof).

> contempt charged and requiring the defendant to appear
> before the court to show cause why the defendant should
> not be held in contempt of court. The order shall specify the
> time and place of the hearing, with a reasonable time
> allowed for preparation of the defense after service of the
> order on the defendant.

Fla. R. Crim. P. 3.840(a).

Here, it is arguable that the order stated the essential facts constituting the criminal contempt charged, but it did not direct Ms. Smith that she was to show cause why she "should not be held in contempt of court" and nothing on the face of the order indicated that she was being charged with criminal contempt of court. Without regard to these deficiencies, predicating the finding of contempt on the State's unsworn motion for an order to show cause amounted to fundamental error in this case. See Proctor v. State, 764 So. 2d 752, 753 (Fla. 2d DCA 2000). We reach this conclusion because the criminal contempt proceeding was initiated by the State, rather than by the judge, and the essential facts were not supported by an affidavit, as required by rule 3.840(a), or a suitable alternative to support the order to show cause, such as a verified pleading. See Starchk v. Wittenberg, 411 So. 2d 1000, 1001 (Fla. 5th DCA 1982) (holding that an unverified pleading was insufficient to support the request for an order to show cause, but observing that "[s]ince a prosecuting attorney is allowed to verify an information on sworn facts given him by a person with personal knowledge, such verification has been held sufficient when the prosecuting attorney is charging a criminal contempt of court"). Based on this fundamental error, we reverse Ms. Smith's adjudications of guilt for contempt of court and her sentences on those adjudications in both cases. Our reversal

is without prejudice to the initiation of new proceedings that conform with rule 3.840.[5]

See Mix, 827 So. 2d at 399.

Reversed and remanded.

KELLY and LaROSE, JJ., Concur.

---

[5]In the likely event that Ms. Smith has served her sentences in full, she may not be resentenced. Additionally, service of her sentences does not render this appeal moot. See Sramek v. State, 946 So. 2d 1235, 1236 (Fla. 2d DCA 2007).