DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

A.N.W.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1300

_____

May 17, 2024

Appeal from the Circuit Court for Pasco County; Lauralee G. Westine, Judge.

Howard L. Dimmig, Public Defender, and Maureen Surber, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Taylor Schell, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

A.N.W. appeals from an order adjudicating him guilty of indirect contempt in his dependency case. The State concedes error. We reverse the adjudication and remand for further proceedings.

The dependency court issued an order directing A.N.W. to comply with six rules that it set forth in the order. Within nine days of the date

the order issued, a community care provider filed a document reporting that A.N.W. had violated three of those rules. The document was not signed under oath by the reporting provider. Nevertheless, the dependency court issued an order to show cause why A.N.W. should not be held in indirect contempt for the actions reported in the document.

During the contempt hearing that followed, the community care provider testified that she did not witness any of the actions and behaviors she reported, but A.N.W.'s case manager testified that A.N.W. had admitted that he sprayed disinfectant on a mirror of a transport van. Based on this testimony, the dependency court ruled that A.N.W. had committed indirect contempt of court by violating its rule that he treat "everyone in the System," including transporters, with respect.[1] It sentenced A.N.W. to five days in the Pasco County Juvenile Detention Center, suspended, so long as A.N.W. abided by the rules listed in the order and to twenty-five hours of community service.

A.N.W. argues, and the State agrees, that the adjudication of indirect criminal contempt must be reversed because the dependency court failed to follow the procedure dictated by Florida Rule of Juvenile Procedure 8.150(c). The rule states in relevant part that a court may issue an order to show cause "[o]n affidavit of any person having personal knowledge of the facts." Fla. R. Juv. P. 8.150(c)(2). The community care provider's report is not an affidavit, and the provider testified at the hearing that she had no personal knowledge of the relevant facts that she relayed in the document.

This court has held that "[r]ule 8.150 is a direct corollary of Florida Rule of Criminal Procedure 3.830." *M.L. v. State*, 819 So. 2d 240, 242

---

[1] The court also ruled that A.N.W. violated the order by not attending school, but it cited no facts to support this finding.

2

(Fla. 2d DCA 2002). Although this court reversed an adjudication of direct criminal contempt in *M.L.*, so that the law applying the procedure set forth in rule 3.830 was relevant, rule 8.150 contains the procedure for both direct and indirect contempt in juvenile cases. The relevant portions of it and rule 3.840, which provides the procedure for indirect criminal contempt in criminal cases, are substantively the same. *Cf. A.L.B. v. State*, 675 So. 2d 668, 671 (Fla. 1st DCA 1996) (Webster, J., dissenting) ("Neither the parties nor I have been able to discover any cases construing [the language of rule 8.150]. However, this language is substantively identical to that found in Florida Rule of Criminal Procedure 3.840(a), addressing indirect criminal contempt, upon which [r]ule 8.150(b) appears to have been modeled.").[2] Rule 8.150(c)(2) states in relevant part:

> On affidavit of any person having personal knowledge of the facts, the court may issue and sign an order to show cause. The order must state the essential facts constituting the contempt charged and require the child to appear before the court to show cause why the child should not be held in contempt of court.

Rule 3.840(a) states in relevant part:

> The judge . . . on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court.

And this court has repeatedly held that the failure to strictly comply with the same portion of rule 3.840(a) is fundamental error. *See Smith v. State*, 144 So. 3d 651, 655 (Fla. 2d DCA 2014) ("[P]redicating the

---

[2] The procedure for indirect contempt was moved from subsection (b) to subsection (c) in 2016. *See In re Amends. to Fla. Rule of Juv. Proc. 8.150*, 184 So. 3d 1116, 1118 (Fla. 2016).

3

finding of contempt on the State's unsworn motion for an order to show cause amounted to fundamental error in this case."); *Sramek v. State*, 946 So. 2d 1235, 1237 (Fla. 2d DCA 2007) (holding that "the failure to abide by rule 3.840 was fundamental error" where the affidavits filed in support of the order to show cause were not based on the affiants' personal knowledge of the facts); *Cole v. State*, 714 So. 2d 479, 488 (Fla. 2d DCA 1998) (quashing an adjudication of contempt as fundamental error because the allegations on which the order to show cause was based—a letter from an addiction counselor and written report of a drug screen—were not sworn as required by rule 3.840(a)); *Reins v. Johnson*, 604 So. 2d 911, 911 (Fla. 2d DCA 1992) (holding that fundamental error occurred when an order to show cause issued upon an unsworn motion filed in a civil action); *see also B.L.J. v. State*, 678 So. 2d 530, 530 (Fla. 1st DCA 1996) ("We reverse the judgment holding appellant in indirect criminal contempt of court because the order to show cause was not 'based upon an affidavit or sworn testimony of an individual having personal knowledge of the essential facts.' " (quoting *Hunt v. State*, 659 So. 2d 363, 364 (Fla. 1st DCA 1995))).  As there are no factual circumstances that distinguish the circumstances in this case, we reverse the order adjudicating A.N.W. guilty of indirect contempt and remand for further proceedings.

Reversed and remanded.


NORTHCUTT, BLACK, and LUCAS, JJ., Concur.

_____


Opinion subject to revision prior to official publication.