KEHOE, Judge.
This is an appeal by the defendant, Archie Lee Hamilton, from a judgment of guilty on the charge of indirect criminal contempt of court, and a sentence thereon. We reverse.
The record reflects that following a non-jury trial, the court entered an order adjudging Hamilton “. . . in indirect criminal contempt of court by thwarting the orderly administration of justice in secreting the court file.” This adjudication was based on the findings of fact which the court recited in the order: that the court had advised Hamilton to be ready for trial (on pending criminal charges) and that no further continuances would be granted: that on Friday before his trial scheduled for Monday morning, Hamilton obtained the court file in his case from a deputy clerk who directed him to return it to her; that the file was not returned to the clerk and *581 that a thorough search of the clerk’s office failed to disclose the file. It appears that the file has never been found.
From our review of the proceedings before the trial court, we conclude that the evidence was insufficient to support an adjudication of indirect criminal contempt of court. Generally, in contempt proceedings the contemnor is presumed to be innocent until proven guilty beyond a reasonable doubt. Turner v. State, 283 So.2d 157, 160 (Fla. 2nd DCA 1973) and cases cited therein. In this case, the state presented only inconclusive circumstantial evidence which creates mere suspicion, but fails to prove beyond a reasonable doubt that Hamilton committed the act charged.
In view of the foregoing opinion, the other points raised by Hamilton on this appeal need not be discussed.
Reversed.