FRANK D. UPCHURCH, Jr., Judge.
The Department of Health and Rehabilitative Services (department) appeals from two orders entered during a juvenile proceeding. One order required the department to reimburse the “system” $20.00 for additional judicial labor caused by its failure to attend the juvenile’s dispositional hearing. The other order also required the department to reimburse the system $20.00 for additional judicial labor caused by the department’s failure to obey the court’s order requiring the department to facilitate the attendance of certain persons at the dispositional hearing or to file a written waiver of appearance with the court.
The department contends that the two orders are invalid regardless of whether they are construed as imposing court fees or as levying fines. We agree with the department’s contention and reverse.
The imposition of court fees against the department is prohibited by section 39.19, Florida Statutes (1981). See Division of Family Services, etc. v. M.V.W., 349 So.2d 232 (Fla. 1st DCA 1977) and J.E.R. v. State, 317 So.2d 89 (Fla. 1st DCA 1975).
If the charges are construed as fines, then the fines were improperly imposed. A court only has authority to impose a fine in two cases: first, where the legislature has provided for a fine for the violation of a statutory provision and second, where a party has been held in contempt. Here, chapter 39 contains no provisions for a fine for the failure to attend or to facilitate the attendance of another party at a disposi-tional hearing. And, if the fines were imposed as sanctions for contempt, then the orders were invalid for failure to follow the procedures outlined in the Florida Rules of Criminal Procedure. See generally State ex rel. Coody v. Muszynski, 404 So.2d 165 (Fla. 5th DCA 1981); Porter v. Williams, 392 So.2d 59 (Fla. 5th DCA 1981).
The department also challenges the validity of the underlying order requiring the department to facilitate the attendance of certain persons at the dispositional hearing or to file a written waiver of appearance with the court. This issue has been disposed of in State ex rel. Department of Health and Rehabilitative Services v. Salfi, 432 So.2d 686 (Fla. 5th DCA 1983).
REVERSED.
COBB and SHARP, JJ., concur.