FRANK D. UPCHURCH, Jr., Judge.
The Department of Health and Rehabilitative Services (department) seeks a writ of prohibition directed to an order promulgated by the trial court on its own motion in preparation for dispositional hearings in juvenile matters.
The department[1] contends that the trial judge exceeded his jurisdiction in that the order calls for actions or responsibilities on the part of other governmental entities not provided for by statute, that it attempts to exercise jurisdiction over persons not appropriately before the court, and that it attempts to establish local rules inconsistent with the rules of judicial administration. We disagree with the department’s contention and decline to issue the writ of prohibition.
The order in question provides in part as follows:
The Intake Officer from the Department of Health and Rehabilitative Services who has been assigned to the case shall encourage a representative of the child’s school to attend the dispositional hearing. If the representative of the child’s school cannot attend, the Intake Officer assigned to this case shall be required to have a Waiver of Appearance on a form approved by this Court completed prior to the dispositional hearing or a written Certification under oath that reasonable efforts have been made to obtain the foregoing and filed with this Court by 10:00 a.m. on the work day preceding the scheduled dispositional hearing, (emphasis in original)
The order further requires the department to prepare a predispositional report in accordance with section 39.09(3), Florida Statutes (1981), and to furnish copies to the juvenile (through his attorney), to the state attorney, and to any persons or agencies having a legitimate professional interest. The order also required all parties, including the department, to be prepared to discuss dispositional alternatives with others present.
The order further contains a provision for sanctions. We have previously held that court fees may not be charged against the department pursuant to section 39.19. In re: The Interest of T.A.J. v. Department of Health and Rehabilitative Services, 432 So.2d 685 (Fla. 5th DCA 1983). Whether the imposition of the other sanctions would be proper would depend on the circumstances of the particular case. We cannot conclude that their inclusion would invalidate the order.
As to the department, the order is not invalid. The Legislature specifically authorized the court to issue orders requiring *688 additional studies and evaluations by the department and the county school system. § 39.09(3)(b), Fla.Stat. (1981). While it is true that the court has no authority to compel attendance by persons not under its’ supervision, the order does not so provide. It requires only that the department “encourage” the attendance of a representative of the juvenile’s school. The department has several alternatives available to it, including a suggestion that the court issue a subpoena requiring the attendance of those whom the court deems necessary for disposition of the matter if, for example, a simple letter to the school representative “encouraging” attendance is non-availing. See § 39.06(8), Fla.Stat. (1981).
Writ of prohibition DENIED.
COBB and SHARP, JJ., concur.

. The order also imposes duties on the Public Defender and the State Attorney. These officers are not parties to this petition. We also note that neither the representative from the juvenile’s school (whose appearance was required by the court order), nor the juvenile himself has joined in this petition.