FRANK D. UPCHURCH, Jr., Judge.
Two appeals have been consolidated for disposition as they involve the same issues. In State v. K.L.M., the trial judge entered two orders. The first order required the Office of the State Attorney to “reimburse the system the cost of $20.00” for “additional judicial labor” caused by the failure of the state attorney to prepare a written dis-positional report in a juvenile proceeding as previously ordered. The second order required reimbursement of $20.00 to the system for failure to facilitate the attendance of the law enforcement officer involved in the juvenile proceeding.
The order appealed in State v. J.L.P. required reimbursement of $20.00 for failure of the state attorney to prepare and file a written statement of the victim. We reverse the orders in both cases.
The imposition of these “costs,” which could be more accurately categorized as fines, arose from the entry of orders by the trial judge requiring the Department of *393 Health and Rehabilitative Services, the Office of the State Attorney, and others, to perform certain duties to assist him in preparing for dispositional hearings in juvenile matters. The propriety of these orders, as applied to the Department of Health and Rehabilitative Services, has been addressed in In the Interest of T.A.J. v. State of Florida, 432 So.2d 685 (Fla. 5th DCA, 1983), and State ex rel. Dept. of Health, etc. v. Salfi, 432 So.2d 686 (Fla. 5th DCA, 1983).
We do not have the benefit of a transcript of the hearing at which Judge Salfi determined the cost of his additional labor. We know of no authority for an assessment of costs for such an item. We conclude therefore that it can only be justified as a fine for contempt. In this instance, there was no finding of contempt and the record does not reflect any compliance whatever with Florida Rules of Juvenile Procedure 8.270 or 8.280.
REVERSED.
COBB and SHARP, JJ., concur.