488 So.2d 901 (1986)
STATE of Florida, Appellant,
v.
Margaret Elaine HARWOOD and Steward Carl Stamper, Appellees.
No. 85-1112.
District Court of Appeal of Florida, Fifth District.
May 22, 1986.
*902 Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Robert H. Bailey, Jr. of Bailey & Trumbo, P.A., New Smyrna Beach, for appellees.
ORFINGER, Judge.
We affirm the order of the trial court suppressing the evidence in this case on the ground that the disputed testimony supports the trial court's finding that there were no articulable facts and rational inferences therefrom which would support the stop of the defendants or the subsequent warrantless search of their lawfully parked automobile. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); § 901.151(2), Fla. Stat. (1985). See also State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980).
The State also appeals from an order entered by the trial court assessing "legal costs incurred by the defendant" (later determined to be attorney's fees in the amount of $225) against the Office of the State Attorney because the assistant state attorney arrived 17 minutes late for the hearing on defendants' motion to suppress evidence.[1] We know of no authority by which a trial court may assess a defendant's attorney's fees against the State Attorney, nor have we been cited to any such authority. If the court was of the opinion that the failure of the assistant state attorney to appear on time was an offense against the authority or dignity of the court, the procedure prescribed by Florida Rule of Criminal Procedure 3.830 for direct criminal contempt should have been followed. See Porter v. Williams, 392 So.2d 59 (Fla. 5th DCA 1981). Even then, any sanction imposed would not be for the benefit of the defendant. Because there was no attempt made to follow the procedure outlined in that rule, the order assessing attorney's fees against the Office of the State Attorney must be reversed. The case is remanded to the trial court for such further procedure as the trial court deems warranted, not inconsistent with this opinion.
AFFIRMED in part, REVERSED in part and REMANDED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] Defendants assert that there is no authority for an appeal by the State on this issue. We disagree. The order is appealable as an adjunct to the order granting the motion to suppress, which latter order is clearly appealable under section 924.071(1), Florida Statutes (1985), or alternatively, is appealable as a pre-trial order under section 924.07(8). The right of the State to appeal orders in criminal cases is governed by statute. State v. Creighton, 469 So.2d 735 (Fla. 1985). See also State v. Coney, 272 So.2d 550 (Fla. 1st DCA 1973).