584 So.2d 1118 (1991)
STATE of Florida, Appellant,
v.
Eddie SHELTON, Tommy Jones, and Moses Jones, Appellees.
No. 90-1530.
District Court of Appeal of Florida, Fifth District.
August 22, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellant.
Thomas R. Mott, Daytona Beach, for appellees Eddie Shelton and Tommy Jones.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellee Moses Jones.
W. SHARP, Judge.
The state appeals from an order by the circuit court which sanctioned it for grossly negligent preparation of a criminal case, and which required the State Attorney's Office to pay $50 to the Public Defender's Office, $50 to defense counsel, and $150 to the general revenue fund for reimbursement for costs associated with an aborted jury selection effort, and the wasted time and effort of court personnel and facilities. The trial judge expressly found there had been no intentional misbehavior on the part of the prosecutor. We reverse.
On a Monday morning the process of selecting a jury panel in a criminal trial was commenced. The two key state witnesses (the alleged victims of attempted murder and burglary of a dwelling) had not been subpoenaed for the trial. On the prior Friday, the prosecutor dispatched his investigator to serve Kevin (one of the victims). The investigator reached Kevin by phone on Saturday and told him it was extremely important for Kevin to appear in court on Monday.
Also on Friday, the witness coordinator for Volusia County tried to telephone Kevin's mother (the other alleged victim). The coordinator was told that Kevin's mother was vacationing out of state. She was also told on Monday that Kevin had been hospitalized in Gainesville, Florida.
While the prosecutor was engaged in picking the jury on Monday morning, the coordinator entered the courtroom to tell him her bad news concerning the state's *1119 two key witnesses. Once again the prosecutor dispatched the investigator to locate Kevin. He found Kevin at home, in bed.
At about the same time, the prosecutor requested a continuance from the trial judge. The investigator had not told the prosecutor he had actually talked with Kevin. Thus, the prosecutor could not assure the court that the state could proceed with the case. So far as he knew, Kevin had neither been contacted nor been subpoenaed. Accordingly, the judge dismissed the jury panel. Later that afternoon, Kevin arrived in court, prepared for trial.
The defense attorneys moved for sanctions and specifically requested that Kevin and his mother be precluded from testifying at trial. The trial judge refused to impose sanctions against Kevin or his mother, and ruled that excluding their testimony would be inappropriate. Instead, the trial judge faulted the handling of this case by the prosecutor's office. She stated:
If such was an isolated incident, then perhaps a mere reprimand would be in order, but reprimands have failed in the past to remedy the situation. At some point, the court has a duty to exercise its inherent powers and regain control of the court and the caseload. Defendants have a right to be timely tried. The State has the duty, if it charges someone with a crime, to be prepared to go forward and prove the charges.
In this case, the State was not adequately prepared and such lack of preparation was not just neglect, but gross neglect considering the circumstances.
We sympathize with the trial court's attempt to resolve this case with a few well-assessed costs against the party it felt caused the trial delay. However, the trial court has no inherent authority to assess attorney's fees or costs against the State Attorney's Office in criminal cases. State v. Harwood, 488 So.2d 901 (Fla. 5th DCA 1986); State v. J.L.P., 435 So.2d 392 (Fla. 5th DCA 1983). Nor is there any applicable rule or statute which would permit the assessment of such fees or costs. See Harwood; J.L.P.
It appears that only through the use of criminal contempt procedures (direct or indirect),[1] can a trial court assess fines or costs against an attorney in a criminal case. But in any event, such sanctions cannot be for the benefit of the defendants. Harwood.
Accordingly, we reverse and remand this case to the trial court for such further proceedings as it may consider are warranted, which are consistent with this opinion.
REVERSED; REMANDED.
COWART and HARRIS, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.830 and 3.840.