PER CURIAM.
The appellant, Roger A. Shields, challenges the trial court’s judgment and sentence adjudicating him guilty of indirect criminal contempt of court for violating a domestic violence injunction. We reverse.
The trial court issued an amended injunction against the appellant enjoining him from committing any act of domestic violence on the appellee or Mr. 'Karr. The appellee was the appellant’s former wife and Mr. Karr was the appellee’s companion. The injunction further restrained the appellant from harassing the appellee or Mr. Karr directly or indirectly and at any time or place.
On August 30, 1992, a personal notice addressing the appellee and Mr. Karr’s relationship appeared in the Winter Haven News Chief. The appellee and Mr. Karr considered the personal notice to be harassing and Mr. Karr filed a petition for order to show cause alleging that the appellant violated the injunction by placing the notice in the newspaper.
During the evidentiary hearing on the petition for order .to show cause, the appellee and Mr. Karr testified that they were harassed and embarrassed as a result of the personal notice. The appellant moved for a directed verdict based on the state’s failure to present testimony proving beyond a reasonable doubt that the appellant placed the notice in the newspaper. The trial court denied the motion and found that the appellant caused the notice to appear in the Winter Haven News Chief and that he therefore violated the injunction for protection. The appellant filed a timely notice of appeal.
The appellant contends that there was insufficient evidence to establish beyond a reasonable doubt that he placed the personal *170 notice in the Winter Haven News Chief. We agree with the appellant.
In an indirect criminal contempt proceeding, the movant must prove, beyond a reasonable doubt, that the defendant willfully violated the court order. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). See also Hamilton v. State, 363 So.2d 580 (Fla. 3d DCA 1978), cert. denied, State v. Hamilton, 374 So.2d 101 (Fla.1979). In the instant case, the testimony presented during the evi-dentiary hearing addressed only the relationship between Mr. Karr and the appellee and whether or not the personal notice embarrassed them. There was no testimony as to who caused the personal notice to appear in the Winter Haven News Chief other than the state’s contention that the appellant’s name was printed at the end of the notice. Therefore, we conclude that the state failed to prove beyond a reasonable doubt that the appellant was guilty of indirect criminal contempt of court. Accordingly, we reverse the judgment and remand for the entry of a judgment in favor of the appellant.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and THREADGILL and BLUE, JJ., concur.