CASANUEVA, Judge.
This is an appeal from an order holding Jamie J. Graves in contempt for violation of an injunction for protection against domestic violence. Upon review of the record, we hold that the evidence was sufficient for the trial court to find beyond a reasonable doubt that Mr. Graves violated the domestic violence injunction and to find him in indirect criminal contempt. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Shields v. Shields, 636 So.2d 169 (Fla. 2d DCA 1994).
Unfortunately, however, once the finding of contempt was made, a series of clerical mistakes occurred before rendition of the final order in this case, which is titled “Order Adjudging Contempt” and which orders and adjudges that Mr. Graves is guilty of “direct criminal contempt” of the injunction for protection against domestic violence. A prior written order held Mr. Graves in “indirect civil contempt.” These orders were issued following a hearing at which the judge made the following oral pronouncement: “The Court does find that based on the testimony the respondent is in contempt, in direct criminal contempt.”
Our examination of the entire record has convinced us that the court reporter mistakenly transcribed the judge’s oral pronouncement, which was intended to clarify that the nature of the contempt was “indirect criminal contempt.” This is particularly apparent from Mr. Graves’s motion for rehearing, which reveals that he was aware that the trial court had adjudged him guilty of indirect criminal contempt. The State has contended that the written orders contain scriveners’ errors, and we agree with that position. A similar situation occurred in Dorival v. State, 768 So.2d 1233, 1233 (Fla. 3d DCA 2000), where the court held that “there was a scrivener’s error in the written judgment which stated that the defendant was found guilty of direct criminal contempt rather than indirect criminal contempt.” As in Dorival, we affirm the judgment but remand to the trial court to correct the error.
Affirmed but remanded for correction of scrivener’s error.
STRINGER and WALLACE, JJ., Concur.