FERNANDEZ, J.
MetroPCS Wireless, Inc. seeks a writ of certiorari to quash the trial court’s order denying its Motion' to Quash Deposition Subpoena/Motion for a Protective Order and requiring the deposition of an out-of-county resident to be held in Miami-Dade County. Because the order under review departs from the essential requirements of the law and results in material injury, we grant the petition, quash the order, and remand the cause to the trial court for further proceedings.
MetroPCS is a private communications provider. Its employee, Ajapol Anu-sornpanich, is MetroPCS’ records custodi *1272 an and a State witness who resides in Polk County, Florida. He is also a non-party in the underlying criminal case. The trial court ordered a second deposition of this witness in Miami-Dade County where the trial is pending. MetroPCS objected, and the trial court overruled the objection.
We have stated that a petition for certiorari is the appropriate method to review a discovery order when the order departs from the essential requirements of the law, causes material injury throughout the remainder of the proceedings below, and effectively leaves no adequate remedy on appeal. Segarra v. Segarra, 932 So.2d 1159, 1160 (Fla. 3d DCA 2006). Certiorari is available to review trial court orders that require depositions take place at an erroneous location. Triple Fish America, Inc. v. Triple Fish Int’l, L.C., 839 So.2d 913, 914 n. 1 (Fla. 5th DCA 2003). We agree with the analysis advanced by the State[1] in its “Response to the Proposed Relocation of Deposition of Ajapol Anu-sornpanich to Miami” filed in the trial court, and conclude that the trial court’s order denying MetroPCS’ motion for a protective order departed from the essential requirements of law and resulted in material injury for which there is no adequate remedy on appeal.[2] A plain reading of rule 3.220(h), Florida Rules of Criminal Procedure, which is the controlling provision that governs discovery depositions in criminal cases, required the trial court to order the deposition of Anusornpanich to be held in Polk County, the county of the witness’ residence.
Respondent/Defendant Rafael Andres, as the State suggests, is mistaken that the plain meaning of rule 3.220(h)(3) unambiguously gives the trial court the discretion to designate the location of an out-of-county witness deposition anywhere in Florida. The trial court acknowledged that rule 3.220(h)(3) could be interpreted in two different ways. The plain meaning of the rule, however, cannot be given effect if it leads to an unreasonable or ridiculous result. See City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993) (a statute’s plain and ordinary meaning must be given effect unless it leads to an unreasonable or ridiculous result).
This Court noted in Spence-Jones v. Dunn, 118 So.3d 261, n. 2 (Fla. 3d DCA 2013), citing Palm Beach County Canvassing Board v. Harris, 772 So.2d 1273, 1287 (Fla.2000), that a statutory provision will not be construed in such a way so as to render meaningless or absurd any other statutory provision. The trial court’s interpretation of rule 3.220(h)(3) leads to an unreasonable result that renders meaningless the significant distinction between in-county and out-of-county witnesses set forth in the rule.
The purpose of the discovery rules is “to facilitate a truthful fact-finding process.” Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979). Related statutory provisions thus must be read together to achieve a consistent whole and, where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one *1273 another. See Village of Doral Place Ass'n, Inc. v. RU4 Real, Inc., 22 So.3d 627, 631 (Fla. 3d DCA 2009). Rule 3.220(h)(3) specifically distinguishes between those witnesses that reside in the county and state in which the trial is pending, those that reside outside that county but still in the state in which the trial is pending, and those that reside outside the state in which the trial is pending. More specifically, rule 3.220(h)(3), titled “Location of Deposition,” contains two sentences. The first one addresses in-county witnesses:
Depositions of witnesses residing in the county in which the trial is to take place shall be taken in the building in which the trial shall be held, such other location as is agreed on by the parties, or a location designated by the court.
(Emphasis added). The second sentence addresses witnesses who reside outside the county or the State:
Depositions of witnesses residing outside the county in which the trial is to take place shall be taken in a court reporter’s office in the county or state in which the witnesses resides, such other location as is agreed on by the parties, or a location designated by the court.
(Emphasis added).
When both statutory provisions are read together, the trial court erroneously compelled the witness to travel outside the witness’ county of residence for the deposition. Although the second sentence in the rule provides that a court may designate the location of a deposition for an out-of-county witness, the rule demonstrates that the “location designated by the court” is to be interpreted to mean a location within the county in which the witness resides or, if the witness resides outside the state, a location within the state in which the witness resides. This interpretation, contrary to the interpretation the trial court adopted, is consistent with the rule of ejus-dem genenas, which provides that “when a general phrase follows a list of specifics, the general phrase will be interpreted to include only items of the same type as those listed.” See Graham v. Haridopolos, 108 So.3d 597, 605 (Fla.2013).
Furthermore, a reading of the second sentence of rule 3.220(h)(3), to the exclusion of the first sentence of the rule, renders the existing distinction between in-county and out-of-county witnesses in both sentences essentially meaningless. Such an interpretation- would also be in contravention of the uniform law for the attendance of witnesses from outside the state. See § 942.03, Fla. Stat. (2013).
Additionally, rule 3.220(h)(1) requires the scheduling of a witness’ deposition, including its location, to be coordinated in order to accommodate the witness to be deposed. Thus, consideration of the witness’ convenience is required. It cannot be said that this requirement is satisfied by compelling Anusornpanich, a non-party witness, to attend a second deposition outside of his county of residence.
We thus conclude that, when all of the pertinent related provisions of rule 3.220(h) are considered, as well as the case law that interprets that rule, the trial court’s order departed from the essential requirements of the law when the court ordered the deposition of a witness take place outside the county of the witness’ residence, resulting in material injury for which there is no adequate remedy on appeal. Therefore, we quash the trial court’s order denying MetroPCS’ motion for protective order, and remand the cause to the trial court for further proceedings.
Petition granted, order quashed, and cause remanded.

. Although denominated a respondent in this appeal, the State's position is aligned with that of MetroPCS, as it was at the hearing before the trial court on the motion for protective order.

. It is undisputed that MetroPCS, as a non-party in the underlying criminal case, has no adequate remedy by way of appeal. See Briggs v. Salcines, 392 So.2d 263, 266 (Fla. 2d DCA 1980) (observing that a non-party has no adequate remedy for harm caused by an erroneous discovery order on appeal from a final judgment because he or she is not a party to the proceeding in which the final judgment will be entered).