NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
)
        Petitioner, )
)
v. )     Case No. 2D15-4926
)
Z.A., a child, )
)
        Respondent. )
)

Opinion filed July 15, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Nicholas R.
Thompson, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin, Assistant
Attorney General, Tampa, for Petitioner.

Andrew J. Banyai of Aiken, O'Halloran &
Banyai, Fort Myers, for Respondent.

VILLANTI, Chief Judge.

The State of Florida petitions this court for a writ of certiorari quashing the

trial court's orders directing: (1) the depositions of two witnesses to occur in Lee County,

and (2) the State to reimburse the defense for costs associated with deposing the two

witnesses. Because the trial court did not have the authority under the facts of this case to enter such an order, we grant the petition.

The deponents in question, referred to here as Mr. and Mrs. A, were residents of Lee County at the outset of the underlying juvenile delinquency case, and the defense attempted to subpoena them at their Lee County residence with notices to appear for deposition in Lee County. But, by the time they were actually served with subpoenas, Mr. and Mrs. A had moved to a new permanent residence in Orange County. They were at their Lee County residence, only by happenstance, to finish packing their remaining belongings when they were served.

Prior to the deposition, Mr. A contacted the assistant state attorney to inform the State that he and Mrs. A had moved to Orange County. The assistant state attorney told Mr. A that it was her "understanding that the deposition is supposed to be done where [the deponents] live" and advised Mr. A. that she did not "know enough about this," but that she would "research this and . . . get back to [Mr. A] on it." Following this conversation, the assistant state attorney did not "get back" to Mr. A prior to the scheduled depositions to tell him for sure whether he and Mrs. A would have to attend their depositions in Lee County. Nor did the State contact defense counsel to object to the location of the deposition or file a motion to quash the subpoena for deposition. Then, after Mr. and Mrs. A failed to appear in Lee County for their depositions at which defense counsel and the assistant state attorney were both present, defense counsel filed a motion for order to show cause based upon the deponents' nonattendance. Following a hearing on the motion and based solely on its

erroneous belief the deponents still lived in Lee County when they were served,[1] the trial court ordered Mr. and Mrs. A to be deposed in Lee County. Because the failure to appear for their originally scheduled depositions was, according to the trial court, ultimately due to the State's "mistake," the deponents were not found in contempt, but the trial court ordered the State to reimburse defense counsel for the expenses associated with going to the unattended depositions.

This court will grant a writ of certiorari when the petitioner establishes a departure from the essential requirements of the law resulting in material injury for the remainder of the case that cannot be corrected on postjudgment appeal. Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002). "Certiorari review is available to review trial court orders requiring that depositions take place at an erroneous location." Triple Fish Am., Inc. v. Triple Fish Int'l, L.C., 839 So. 2d 913, 914 n.1 (Fla. 5th DCA 2003); see also MetroPCS Wireless, Inc. v. State, 120 So. 3d 1271 (Fla. 3d DCA 2013); Logitech Cargo, U.S.A., Corp. v. JW Perry, Inc., 817 So. 2d 1033 (Fla. 3d DCA 2002); Teledyne Indus., Inc. v. Mustang Ranch Aircraft, Inc., 753 So. 2d 785 (Fla. 3d DCA 2000); Ayer v. Bush, 696 So. 2d 1333 (Fla. 4th DCA 1997); Donahoo v. Matthews, 660 So. 2d 391 (Fla. 5th DCA 1995); Fortune Ins. Co. v. Santelli, 621 So. 2d 546 (Fla. 3d DCA 1993); Cady v. Laws, 341 So. 2d 1022 (Fla. 4th DCA 1977). Certiorari review is also available to review trial court orders taxing costs against the State Attorney's Office. See State v. Nelson, 27 So. 3d 758, 759 (Fla. 3d DCA 2010); see also Avril v. Civilmar, 605 So. 2d 988, 988 (Fla. 4th DCA 1992) (granting certiorari

---

[1]Oddly, the trial court refused to defer to both lawyers who informed the trial court that this fact was incorrect.

review of an order imposing sanctions against the petitioners in the form of attorney's fees and costs for failure to negotiate in good faith during court-ordered mediation). Hence, both aspects of the trial court's order concerning deposition location and cost reimbursement meet the jurisdictional requirements of certiorari.

As to the first issue, the State argues that the trial court impermissibly ordered the depositions to occur in Lee County when the deponents resided in Orange County. Florida Rule of Juvenile Procedure 8.060(d)(1)(B) clearly states:

> Depositions of witnesses residing outside the county in which the adjudicatory hearing is to take place shall take place in a court reporter's office in the county and state in which the witness resides, another location agreed to by the parties, or a location designated by the court.

As such, the depositions should have taken place in Orange County, where the deponents reside. The inopportune move of the deponents is of no moment; absent agreement, a new notice should have issued with a proper deposition location. Even if the trial court had decided to designate a location at which the depositions would occur, the rules of statutory interpretation establish "that the 'location designated by the court' is to be interpreted to mean a location within the county in which the witness resides." MetroPCS Wireless, Inc., 120 So. 3d at 1273. To make matters worse, the order to show cause was sought without regard to whether the deponents would voluntarily agree to a Lee County location for their depositions. As such, and regardless of the fact that Mr. A testified at the hearing on the motion for order to show cause that he often worked in Lee County and would not have a problem attending a deposition there, absent actual agreement, it was a violation of clearly established law for the trial court to

order the depositions to be taken in Lee County when the deponents were permanently residing in Orange County.

As to the second issue, the State argues that the trial court departed from the essential requirements of the law when it ordered the State to pay the defense's costs of "taking" the aborted depositions. The State is indubitably correct in asserting that the trial court has no authority to impose costs on the State Attorney's Office, even if the State commits a discovery violation. See Nelson, 27 So. 3d at 759; State v. Shelton, 584 So. 2d 1118 (Fla. 5th DCA 1991); State v. Harwood, 488 So. 2d 901 (Fla. 5th DCA 1986); State v. J.L.P., 435 So. 2d 392 (Fla. 5th DCA 1983). At best, what happened here was a simple failure to communicate. And the only way that the trial court could have imposed costs would have been through initiating criminal contempt procedures against the assistant state attorney. See Shelton, 584 So. 2d at 1119. But the trial court in this case explicitly found that the State's actions were not "nefarious," and no charge of contempt was ever brought. As such, and in the absence of a finding of contempt, it was clear legal error for the trial court to assess costs against the State.

When the trial court ordered Mr. and Mrs. A to be deposed in Lee County and ordered the State to reimburse the defense for deposition costs, it departed from the essential requirements of the law by not following controlling authority. Accordingly, we grant the State's petition for writ of certiorari and quash the trial court order under review.

Petition granted.

CRENSHAW and SALARIO, JJ., Concur.